DAVID M. WAHLQUIST (3349)
dwahlqui@kmclaw.com
**KIRTON McCONKIE**
Thanksgiving Park Four
2600 W. Executive Parkway, Suite 400
Lehi, Utah 84043
Telephone: (801) 321-4865
Fax: (801) 426-2101
*Attorneys for defendants*
*J. Scott Johansen and Marlaine Johansen*

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF UTAH

| | | |
|---|---|---|
| Zurich American Insurance Company and Fidelity and Deposit Company of Maryland, | : : : | **DEFENDANTS J. SCOTT JOHANSEN AND MARLAINE JOHANSEN'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Plaintiff, | : : | |
| vs. | : : | Civil Action No.  1:20-cv-00089-DBP |
| Ascent Construction Inc., Brad L. Knowlton, Shondell Swenson (f/k/a Shondell Knowlton), J. Scott Johansen & Marlaine Johansen | : : : : : : | Judge David Barlow |
| Defendants. | :: | |

Defendants J. Scott Johansen and Marlaine Johansen ("Johansens") answer the complaint of Plaintiff Zurich American Insurance Company and Fidelity and Deposit Company of Maryland ("Plaintiff's Complaint") as follows:

1.Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore deny the same.

2.Johansens admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.Answering the allegations contained in paragraph 3 of Plaintiff's Complaint, Johansens admit that Brad L. Knowlton is an individual, that he is president of Ascent Construction, Inc. ("Ascent"), that he has an ownership interest in Ascent, and that he has signed certain indemnity agreements in favor of Plaintiff, but deny the remaining allegations contained in said paragraph.

4.Answering the allegations contained in paragraph 4 of Plaintiff's Complaint, Johansens admit that Shondell Swenson is an individual residing at the stated address, that she is the ex-wife of Brad Knowlton, and that she has signed certain indemnity agreements in favor of Plaintiff, but deny the remaining allegations contained in said paragraph.

5.Answering the allegations contained in paragraph 5 of Plaintiff's Complaint, Johansens admit that J. Scott Johansen is an individual residing at the stated address, that he is the former chief financial officer of Ascent, that he has an ownership interest in Ascent, and that he has signed certain indemnity agreements in favor of Plaintiff, but deny the remaining allegations contained in said paragraph.

6.Answering the allegations contained in paragraph 6 of Plaintiff's Complaint, Johansens admit that Marlaine Johansen is an individual residing at the stated address, that she is the wife of J. Scott Johansen and that she signed certain indemnity agreements in favor of Plaintiff, but deny the remaining allegations contained in said paragraph.

7. Johansens incorporate by reference their answers to paragraphs 1 through 6 of Plaintiff's Complaint as their answer to paragraph 7 thereof.

8. Answering the allegations contained in paragraph 8 of Plaintiff's Complaint, Johansens admit that this Court has personal jurisdiction over them, that Ascent transacted business in and around Salt Lake County, State of Utah, and that the documents referenced in said paragraph speak for themselves and are the best evidence of their terms and conditions, but deny Plaintiff's characterization of the documents to the extent they are inconsistent with the terms and conditions thereof and deny the remaining allegations contained in said paragraph.

9. Johansens admit the allegations contained in paragraph.9 of Plaintiff's Complaint.

10. Johansens admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Johansens admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Johansens incorporate by reference their answers to paragraphs 1 through 11 of Plaintiff's Complaint as their answer to paragraph 12 thereof.

13. Answering the allegations contained in paragraph 13 of Plaintiff's Complaint, Johansens admit that Plaintiff issued payment and performance bonds for all the listed projects except the Jordanelle, New Central Regional Office and Sandy City projects, but lack sufficient information upon which to base a belief regarding the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

14. Answering the allegations contained in paragraph 14 of Plaintiff's Complaint, Johansens admit that the referenced bonds speak for themselves and are the best evidence of their terms and conditions, deny Plaintiff's characterization of such terms and conditions to the extent they differ from the terms and conditions of the bonds, and lack sufficient information upon which to base a belief regarding the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

15. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore deny the same.

16. Answering the allegations contained in paragraph 16 of Plaintiff's Complaint, Johansens admit that they, Brad Knowlton, Shondell Swenson and Ascent signed the 2001 GIA attached as Exhibit 1 as consideration for Plaintiff issuing certain bonds, but deny the remaining allegations contained in said paragraph.

17. Answering the allegations contained in paragraph 17 of Plaintiff's Complaint, Johansens admit that the 2001 GIA speaks for itself and is the best evidence of its terms and conditions and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions.

18. Johansens admit the allegations contained in the first sentence of paragraph 18 of Plantiff's Complaint, but deny the allegations contained in the second sentence of said paragraph.

19.     Johansens admit the allegations contained in the first sentence of paragraph 19 of Plantiff's Complaint, but deny the allegations contained in the second sentence of said paragraph.

20.     Johansens admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Answering the allegations contained in paragraph 21 of Plaintiff's Complaint, Johansens admit that the 2001 GIA speaks for itself and is the best evidence of its terms and conditions and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions.

22.     Answering the allegations contained in paragraph 22 of Plaintiff's Complaint, Johansens admit that the referenced GIA's speak for themselves and are the best evidence of their terms and conditions, deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, affirmatively assert that Plaintiff released Johansens from any liability under the 2001 GIA with respect to the Bonds as defined in Plaintiff's Complaint, and deny the remaining allegations contained in said paragraph.

23.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore deny the same.

24.     Answering the allegations contained in paragraph 24 of Plaintiff's Complaint, Johansens admit that the referenced GIA's speak for themselves and are the best evidence of their terms and conditions, deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, affirmatively assert that Plaintiff released Johansens from any

liability or obligation under the 2001 GIA with respect to the Bonds as defined in Plaintiff's Complaint, and deny the remaining allegations contained in said paragraph.

25.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore deny the same.

26.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore deny the same.

27.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore deny the same.

28.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore deny the same.

29.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint, and therefore deny the same.

30.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint, and therefore deny the same.

31.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore deny the same.

32.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint, and therefore deny the same.

33.     Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore deny the same.

34. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint, and therefore deny the same.

35. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore deny the same.

36. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint, and therefore deny the same.

37. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint, and therefore deny the same.

38. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint, and therefore deny the same.

39. Answering the allegations contained in paragraph 39 of Plaintiff's Complaint, Johansens deny such allegations with respect to them, and lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

40. Answering the allegations contained in paragraph 40 of Plaintiff's Complaint, Johansens admit that they received Exhibit 6 on or after February 21, 2020, admit that Exhibit 6 speaks for itself and is the best evidence of its terms and conditions, deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, and lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

41. Answering the allegations contained in paragraph 41 of Plaintiff's Complaint, Johansens admit that they received Exhibit 7 on or after March 17, 2020, admit that Exhibit 7 speaks for itself and is the best evidence of its terms and conditions, deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, and lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

42. Answering the allegations contained in paragraph 42 of Plaintiff's Complaint, Johansens admit that they received Exhibit 8 on or after April 3, 2020, admit that Exhibit 8 speaks for itself and is the best evidence of its terms and conditions, deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, and lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

43. Answering the allegations contained in paragraph 43 of Plaintiff's Complaint, Johansens deny such allegations with respect to them, but lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

44. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint, and therefore deny the same.

45. Answering the allegations contained in paragraph 45 of Plaintiff's Complaint, Johansens deny that they misappropriated any project funds, but lack sufficient information upon

which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

46. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint, and therefore deny the same.

47. Answering the allegations contained in paragraph 47 of Plaintiff's Complaint, Johansens deny such allegations with respect to them, but lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

48. Answering the allegations contained in paragraph 48 of Plaintiff's Complaint, Johansens admit that the GIA's speak for themselves and are the best evidence of their terms and conditions, and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, deny the remaining allegations contained in said paragraph as they relate to them, and lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

49. Johansens incorporate by reference their answers to paragraphs 1 through 48 of Plaintiff's Complaint as their answer to paragraph 49 thereof.

50. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint, and therefore deny the same.

51. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint, and therefore deny the same.

52. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint, and therefore deny the same.

53. Answering the allegations contained in paragraph 53 of Plaintiff's Complaint, Johansens deny such allegations with respect to them, but lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

54. Answering the allegations contained in paragraph 54 of Plaintiff's Complaint, Johansens deny such allegations with respect to them, but lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

55. Johansens incorporate by reference their answers to paragraphs 1 through 54 of Plaintiff's Complaint as their answer to paragraph 55 thereof.

56. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint, and therefore deny the same.

57. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint, and therefore deny the same.

58. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint, and therefore deny the same.

59. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 59 of Plaintiff's Complaint, and therefore deny the same.

60. Johansens incorporate by reference their answers to paragraphs 1 through 59 of Plaintiff's Complaint as their answer to paragraph 60 thereof.

61. Answering the allegations contained in paragraph 61 of Plaintiff's Complaint, Johansens admit that the GIA's speak for themselves and are the best evidence of their terms and conditions, and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions, deny that they have any liability or obligations under any bonds except those issued for the Sugarmont and Gardner Mill projects, and lack sufficient information upon which to base a belief regarding the truth of the allegations as they pertain to the remaining defendants, and therefore deny the same.

62. Johansens deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 63 of Plaintiff's Complaint, and therefore deny the same.

64. Answering the allegations contained in paragraph 64 of Plaintiff's Complaint, Johansens admit that Plaintiff makes the specified request, but deny Plaintiff is entitled to such relief against them.

65. Answering the allegations contained in paragraph 65 of Plaintiff's Complaint, Johansens admit that Plaintiff makes the specified request, but deny Plaintiff is entitled to such relief against them.

66. Answering the allegations contained in paragraph 66 of Plaintiff's Complaint, Johansens admit that Plaintiff makes the specified request, but deny Plaintiff is entitled to such relief against them.

67. Johansens incorporate by reference their answers to paragraphs 1 through 66 of Plaintiff's Complaint as their answer to paragraph 67 thereof.

68. Johansens deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Answering the allegations contained in paragraph 69 of Plaintiff's Complaint, Johansens admit that they have not given Plaintiff funds but deny the remaining allegations contained in said paragraph.

70. Answering the allegations contained in paragraph 70 of Plaintiff's Complaint, Johansens admit that the referenced Bonds speak for themselves and are the best evidence of their terms and conditions and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions.

71. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 71 of Plaintiff's Complaint, and therefore deny the same.

72. Johansens deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. Johansens deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Johansens deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Johansens deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. Answering the allegations contained in paragraph 76 of Plaintiff's Complaint, Johansens admit that some of the defendants have ownership of some portions of the Property as defined in Plaintiff's Complaint, but deny the remaining allegations contained in said paragraph.

77. Johansens incorporate by reference their answers to paragraphs 1 through 76 of Plaintiff's Complaint as their answer to paragraph 77 thereof.

78. Answering the allegations contained in paragraph 78 of Plaintiff's Complaint, Johansens admit that all bonds issued by Plaintiff for Ascent conferred a benefit upon Ascent, but deny the remaining allegations contained in said paragraph.

79. Answering the allegations contained in paragraph 79 of Plaintiff's Complaint, Johansens admit that Ascent accepted and appreciated the benefit upon it by any bonds issued by Plaintiff for Ascent, but deny the remaining allegations contained in said paragraph.

80. Johansens deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. Answering the allegations contained in paragraph 81 of Plaintiff's Complaint, Johansens admit that the referenced GIA's speak for themselves and are the best evidence of their terms and conditions and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions.

82. Johansens deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 83 of Plaintiff's Complaint, and therefore deny the same.

84. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 84 of Plaintiff's Complaint, and therefore deny the same.

85. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 85 of Plaintiff's Complaint, and therefore deny the same.

86. Johansens incorporate by reference their answers to paragraphs 1 through 85 of Plaintiff's Complaint as their answer to paragraph 86 thereof.

87. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 87 of Plaintiff's Complaint, and therefore deny the same.

88. Johansens lack sufficient information upon to base a belief regarding the truth of the allegations contained in paragraph 88 of Plaintiff's Complaint, and therefore deny the same.

89. Answering the allegations contained in paragraph 89 of Plaintiff's Complaint, Johansens admit that the referenced GIA's speak for themselves and are the best evidence of their terms and conditions and deny Plaintiff's characterization thereof to the extent it differs from such terms and conditions.

90. Answering the allegations contained in paragraph 90 of Plaintiff's Complaint, Johansens admit that Plaintiff makes the specified request, but deny Plaintiff is entitled to such relief against them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Johansens upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

On September 3, 2010, Plaintiff released Johansens from any liability under the 2001 GIA as far as it relates to the Bonds as defined in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is premature as it is unknown at this point whether Plaintiff will actually suffer any overall damages with respect to the Bonds.

### FOURTH AFFIRMATIVE DEFENSE

Johansens have not signed any GIA's with respect to any of the Bonds except for those relating to the Sugarmont and Garnder Mill projects, and therefore have no liability for such other projects.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff either has or may in the future fail to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Johansen is barred to the extent that damages for which it seeks recovery were caused by other parties for whom Johansens are not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of offset.  Johansens are entitled to allocate any excess funds procured through the Sugarmont litigation to an obligation of their choice,

namely, any obligation they may owe Plaintiff under the Gardner Mill project. Similarly, Johansens are entitled to allocate any excess funds procured through the Gardner Mill litigation to an obligation of their choice, namely, any obligation they may owe Plaintiff under the Sugarmont project.

WHEREFORE, Johansens pray the Court to dismiss this action against them with prejudice, and to award them their costs and attorneys' fees incurred herein.

DATED this 14th day of August, 2016.

KIRTON McCONKIE

/s/David M. Wahlquist
David M. Wahlquist
*Attorneys for defendants J. Scott Johansen and Marlaine Johansen*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August, 2020, a true and correct copy of the foregoing **DEFENDANTS J. SCOTT JOHANSEN AND MARLAINE JOHANSEN'S ANSWER TO PLAINTIFF'S COMPLAINT** was served on the following by the method indicated below:

| | |
|---|---|
| Connor L. Cantrell, Esq. | ( ) U.S. Mail, Postage Prepaid |
| The Hustead Law Firm, PC | ( ) Federal Express |
| 4649 South Ulster Street, Ste. 1250 | ( ) Hand Delivery |
| Denver, Colorado  80237 | ( ) Telecopy |
| Email: clc@thlf.com | (X) E-mail |
| | (X) ECF |

/s/ Londa Heaton