THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRADLEY LEWIS KNOWLTON; SHONDELL SWENSON; J. SCOTT JOHANSEN; and MARLAINE JOHANSEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [64] MOTION TO INTERVENE and GRANTING [65] MOTION TO RELEASE LIS PENDENS**<br><br>Case No. 1:20-cv-00089-DBB-CMR<br><br>District Judge David Barlow |
| MATT RASBAND; and HOLLY RASBAND,<br><br>Movants. | |

Before the court are a motion to intervene and a motion to release lis pendens filed by movants Matt and Holly Rasband (collectively, the Rasbands).[1] Having reviewed the briefing and relevant law, the court rules as follows.

## BACKGROUND

On July 21, 2020, Zurich American Insurance Company and Fidelity and Deposit Company of Maryland (Zurich) filed the Complaint in this matter against Shondell Swenson and the other Defendants.[2] Generally, Zurich claims that Defendants breached certain indemnity agreements and requests that they place Zurich in funds in the amount of $10 million

---

[1] Motion to Intervene, ECF No. 64; Motion to Release Lis Pendens, ECF No. 65.

[2] *See generally* Complaint, ECF No. 2.

representing the alleged liability it faces in claims on construction bonds.[3] Zurich also requests that an equitable lien be placed on any real property owned in whole or in part by the Defendants.[4]

When Zurich filed its Complaint, Swenson owned real property commonly known as 478 East Island View Circle, Farmington, Utah 84025 (Property) and was in the process of selling it to the Rasbands.[5] On July 22, 2020, before she was served with the Complaint, Swenson disclosed to the Rasbands that the Property could be subject to a "possible Zurich surety action."[6] Swenson informed the Rasbands at that time that she was not aware of any actual existing or pending action.[7] On July 24, 2020, Zurich filed a Notice of Lis Pendens with the court stating that Zurich sought "an equitable lien" against the Property in the amount $10 million plus attorney fees and costs.[8] Swenson received a copy of the Complaint on July 25, 2020 and again on August 6, 2020 but was never served the Notice of Lis Pendens.[9]

On July 29, 2020, Swenson and the Rasbands closed on the Property and signed a warranty deed conveying the Property to the Rasbands.[10] The purchase price of the Property was $1,550,000.[11] The Rasbands recorded the warranty deed on July 30, 2020.[12] Before closing on the Property and after Swenson's disclosures, the Rasbands requested a title commitment from

---

[3] *See generally id.*

[4] *Id.* at 22.

[5] ECF No. 65 at ¶ 2.

[6] *Id.* at ¶ 3; Exh. 1 to Decl. of Matt Rasband, ECF No. 66 at 6.

[7] ECF No. 65 ¶ 4.

[8] Notice of Lis Pendens, ECF No. 15.

[9] Declaration of Shondell Swenson, ECF No. 67 at ¶¶ 2, 3.

[10] ECF No. 65 at ¶ 6; Exhibit B to Motion to Release Lis Pendens, ECF No. 65 at 17.

[11] ECF No. 66 at ¶ 2.

[12] ECF No. 65 at 17.

Meridian Title.[13] The title company issued a title policy and did not disclose any pending legal actions affecting the Property.[14]

On August 11, 2020, Zurich recorded its Notice of Lis Pendens against the Property.[15] The Rasbands became aware of the instant lawsuit when this notice was recorded.[16] On August 25, 2020, counsel for the Rasbands contacted counsel for Zurich and requested that the Notice of Lis Pendens be released.[17] Counsel for Zurich refused,[18] and on September 24, 2020, the Rasbands filed a motion to intervene and a motion to release the notice of pendency of action.[19]

## ANALYSIS

**1. The Rasbands Have Established a Basis to Intervene.**

Rule 24(a) of the Federal Rules of Civil Procedure requires that a party be permitted to intervene in the matter if they "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[20] The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."[21]

---

[13] *Id.* at ¶ 8; ECF No. 66 at ¶¶ 5, 7.

[14] *Id.*

[15] ECF No. 65 at ¶ 9; *id.* at 13–15.

[16] ECF No. 66 at ¶ 8.

[17] ECF No. 65 at ¶ 12; *id.* at 19–22.

[18] *Id.*

[19] ECF Nos. 64, 65.

[20] Fed. R. Civ. P. 24(a)(2).

[21] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Three days after filing the Complaint in this matter, on July 24, 2020, Zurich filed a Notice of Lis Pendens with the court concerning the Property.[22] On July 29, 2020, Shondell Swenson sold the Property to the Rasbands, who recorded the warranty deed the following day.[23] On August 11, 2020, Zurich recorded its Notice of Lis Pendens against the Property.[24] With the motions to intervene and release lis pendens, the Rasbands submitted declarations as well as the warranty deed documenting the transfer of the Property.[25] Because Zurich requests an equitable lien against the Property,[26] the Rasbands sufficiently claim an interest in the Property that is a subject of the instant action. Accordingly, the motion to intervene is granted.

### 2. The Motion to Release the Lis Pendens Is Granted.

In their motion to intervene, the Rasbands argue that Zurich has not established a valid claim to the Property because (1) the instant action does not affect title to or possession of the Property and (2) the Rasbands are bona fide purchasers of the Property.[27] The Rasbands' first argument is dispositive, so the analysis is limited only to that argument.

*The Instant Action Does Not Affect Title to, or Possession of, Real Property.*

Under Utah law, any party to an action "that affects the title to, or the right of possession of, real property" may file a notice of pendency of action, commonly referred to as a lis pendens.[28] However, "Utah law does not allow for the filing of a lis pendens in cases seeking a

---

[22] ECF No. 2; ECF No. 15.

[23] ECF No. 64 at ¶¶ 2, 3.

[24] ECF No. 64 at ¶ 4.

[25] ECF No. 66; *see also* ECF No. 67.

[26] *See* ECF No. 2 at 22.

[27] ECF No. 65 at 3.

[28] Utah Code Ann. § 78B-6-1303(1)(a).

4

money judgment."[29] The pertinent question here, then, is whether the instant action affects title to, or possession of, real property.

In its Complaint, Zurich asserts that the Defendants, including Swenson, breached certain indemnity agreements.[30] Pursuant to the agreements, Defendants are required to "place Zurich in sufficient funds to cover any and all losses or expenses, including attorneys' and consultant's fees and costs, incurred or to be incurred by Zurich as a result of the issuance of the Bonds."[31] Zurich also requests equitable liens be placed on certain real property, including the Property.[32] The indemnity agreements do not identify the Property as collateral or security.[33] The agreements generally authorize Zurich to offset losses by pursuing property under any bonded contract, but they do not specifically affect the Property in any way.[34] In sum, the terms of the agreements do not provide a basis for concluding that the instant action affects title to, or possession of, the Property.

"[A] plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."[35]

---

[29] *Winters v. Schulman*, 1999 UT App 119, ¶ 22, 977 P.2d 1218 (citation and internal quotation marks omitted).

[30] ECF No. 2 at ¶¶ 50–54. The two agreements applicable to Swensen were executed in 2017. *See* ECF Nos. 2-3, 2-4.

[31] *Id.* at ¶ 61.

[32] *Id.* at ¶ 65.

[33] *See* ECF No. 2-3 at 4–5 (defining "collateral" as including "any real or personal property, the improvement of which is secured by any Bond").

[34] There is no evidence that the Property is the subject of a bonded contract.

[35] *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002); *see Rawlings v. Rawlings*, 2015 UT 85, ¶ 28, 358 P.3d 1103 (An equitable lien provides real property "'security for a claim' and typically arises when an individual makes improvements on the land of another.") (quoting Restatement (First) of Restitution § 161 cmt. a (AM. LAW INST. 1937)); Restatement (First) of Restitution § 161 (1937) ("Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises.").

"Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."[36]

Here, Zurich requests an equitable lien on the Property based upon two 2017 General Indemnity Agreements with Swenson.[37] Specifically, Zurich requests that Defendants post collateral in the amount of $10 million and, if they fail to post the money, Zurich requests equitable liens on several of Defendants' properties.[38] The agreements require Swenson and the other Defendants to discharge Zurich from all bonds and liability upon demand, and to deposit funds that Zurich determines is sufficient to cover liability or loss.[39] However, Zurich has not demonstrated that its claims trace back to the Property.[40] The instant action does not affect title to the Property or possession of it. The request for release of the lis pendens must be granted.

### 3. The Rasbands Are Entitled to Attorney Fees and Costs.

The Rasbands argue that they are entitled to damages, fees, and costs resulting from Zurich's alleged wrongfully filed lien.[41]

Under Utah Law, if a party prevails on a motion to release a notice of pendency of action, the court must award it costs and attorney fees "unless the court finds that: (a) the nonprevailing

---

[36] *Great-W. Life & Annuity*, 534 U.S. at 214.

[37] *See generally* ECF Nos. 2, 2-3, 2-4.

[38] ECF No. 2 at ¶¶ 48, 65, 66, 75.

[39] *See* ECF No. 2-3 at ¶¶ 2, 4; ECF No. 2-4 at ¶¶ 2, 4.

[40] Zurich also asserts a claim for unjust enrichment, which claim may be remedied by an equitable lien. *See Jones v. Mackey Price Thompson & Ostler*, 2015 UT 60, ¶ 51 n.55, 355 P.3d 1000 ("The equitable lien may be imposed ... to prevent unjust enrichment." (brackets and ellipsis omitted)) (quoting 1 Dan B. Dobbs, Law of Remedies § 2.6(3) (2d ed.1993)). Although the court does not address the viability of the unjust enrichment claim, the equitable lien remedy suffers from the same problem as the contract claim—the Property, based upon the circumstances alleged, is not traceable to the actions of Zurich such that it would inequitable to allow Swenson to "retain the benefit without payment of its value." *Hillcrest Inv. Co. LLC v. Dep't of Transp.*, 2015 UT App 140, ¶ 16, 352 P.3d 128 (quoting *Allen v. Hall*, 2006 UT 70, ¶ 26, 148 P.3d 939).

[41] ECF No. 66 at 9–10.

party acted with substantial justification; or (b) other circumstances make the imposition of attorney fees and costs unjust."[42]

Zurich's 2017 indemnity agreements require that Swenson place Zurich in funds to indemnify the surety against claims arising from certain project or performance bonds.[43] In the event that Swenson (and the other Defendants) cannot put forward sufficient funds, Zurich requests an equitable lien against the Property.[44] In conclusory fashion, Zurich asserts that Swenson (1) profited from Zurich's surety operations, and (2) received this benefit "by virtue of the equity in their real and personal property as a direct result of these profits, which equity would not have been possible without the issuance of Zurich's surety credit and/or the Bonds."[45] In other words, Zurich asserts, its actions allowed Ascent and the Defendants to proceed with work on bonded projects, Swenson profited from this work, and her Property value "would not have been possible" without Zurich. Thus, it requests a security interest in the Property.[46]

To this point, Zurich has not demonstrated that the Property is traceable to the agreements. Indeed, Zurich makes it clear that the lien is requested in order to protect its ability to collect if the Defendants are unable to place it in funds or post collateral. However, an equitable lien is inappropriate as a means to collect a money judgment.[47]

Even assuming, without deciding, that Zurich has a valid equitable unjust enrichment claim, there are no nonconclusory allegations that funds made available under the agreements resulted in Swenson's equity in the Property. Zurich contends that "[a]s to Zurich's legal right to

---

[42] Utah Code Ann. § 78B-6-1304(8).

[43] *See generally* ECF Nos. 2, 2-3, 2-4.

[44] ECF No. 2 at ¶ 65; *id.* at 22.

[45] *Id.* at ¶¶ 79, 80.

[46] *Id.* at ¶ 85; *see* Errata to Complaint, ECF No. 73.

[47] *See Winters*, 1999 UT App 119, ¶ 22, 977 P.2d 1218 (citation and internal quotation marks omitted).

record a lis pendens under Utah law, Zurich may seek the imposition of an equitable lien to prevent unjust enrichment."[48] Zurich is conflating the court's power to impose an equitable lien under certain circumstances with the statutory requirements for a party to record a lis pendens. The case which Zurich cites has nothing to do with the lis pendens statute at all.[49]

Under the statute, the court is required to award reasonable fees and costs unless it finds "substantial justification" for the lien or that "other circumstances" would make the imposition of attorneys' fees and costs unjust.[50] For the reasons stated above, the court finds that neither exception is applicable. Therefore, the court awards the Rasbands their reasonable attorneys' fees and costs.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court GRANTS the Rasbands' Motion to Intervene.[51] The court also GRANTS the Rasbands' Motion to Release Lis Pendens.[52] The court ORDERS Zurich to release its Notice of Lis Pendens from the Rasbands' Property. The court also GRANTS the Rasbands' request for attorney fees and costs, but DENIES their request for damages. Within twenty-one days of this Order, counsel for the Rasbands should submit a petition for reasonable attorney fees and costs associated with this action, including an affidavit including an itemization of attorney fees and costs.

---

[48] ECF No. 78 at 9 (italics omitted).

[49] *See Jones*, 2015 UT 60, ¶ 5, 355 P.3d 1000.

[50] Utah Code Ann. § 78B-6-1304(8). The Rasbands also argue that damages, costs, and attorney fees must be awarded under Utah Code Ann. § 78B-6-1304.5. *See* ECF No. 65 at 9–10. However, the Rasbands offer nothing suggesting that Zurich knew or had reason to know that the lis pendens was groundless. Although counsel for the Rasbands requested that counsel for Zurich release the notice, this alone does not provide a basis to conclude that Zurich knew its notice was groundless. *See id.* at 21. The court further notes that the sale of substantial property by Swenson to the Rasbands contemporaneous with the filing of this action presumably would arouse the suspicion of the surety, though that suspicion does not support Zurich's filing of a lis pendens.

[51] ECF No. 64.

[52] ECF No. 65.

Signed May 11, 2021.

                                                BY THE COURT

                                                _____

                                                David Barlow
                                                United States District Judge