# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRADLEY LEWIS KNOWLTON; SHONDELL SWENSON; J. SCOTT JOHANSEN; and MARLAINE JOHANSEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [130] MOTION FOR RECONSIDERATION**<br><br>Case No. 1:20-cv-00089-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiff Zurich American Insurance Company and Fidelity and Deposit Company of Maryland's (Zurich) motion for reconsideration.[1] Zurich requests that the court revisit its decision granting Intervenors Matt and Holly Rasband's motion to release lis pendens.[2] The court terminated briefing on the motion for reconsideration on June 16, 2021 and took the matter under advisement.[3] Having reviewed the briefing, the challenged decision, and relevant law, the court rules as follows.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure "do not recognize a motion to reconsider."[4] However, under Rule 54(b), any decision adjudicating fewer than all claims "may be revised at

---

[1] Motion for Reconsideration of Memorandum Decision and Order Granting Motion to Release Lis Pendens, ECF No. 130.

[2] *See* Memorandum Decision and Order Granting Motion to Intervene and Granting Motion to Release Lis Pendens, ECF No. 121; Motion to Release Lis Pendens, ECF No. 65.

[3] ECF No. 136.

[4] *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010).

any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[5] Indeed, "district courts generally remain free to reconsider their earlier interlocutory orders."[6]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7] However, such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[8]

Zurich does not argue that an intervening change in binding law or that new evidence supports its motion. Therefore, the court considers only whether the need to correct clear error or prevent manifest injustice warrants revision of its order granting the motion to release lis pendens.

## ANALYSIS

In its motion to reconsider, Zurich generally raises three arguments. First, it contends that the court did not address Zurich's equitable rights to the Rasband's—formerly Swenson's—real property (Property) as collateral.[9] That is, Zurich argues that it has valid claims in this action for equitable relief under the doctrines of *quia timet* and unjust enrichment.[10] Second, Zurich argues that the court erred in its interpretation of Zurich's agreements with Swenson.[11] Specifically, it

---

[5] Fed. R. Civ. P. 54(b).

[6] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

[7] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] *Id.*

[9] ECF No. 130 at 4, 9–12.

[10] *Id.* at 4–9, 12–14.

[11] *Id.* at 9–12.

2

contends that the agreements allow Zurich to make claims against the Property and thus this case does "affect the Property."[12] Third, Zurich takes issue with the court's conclusion that Zurich was not substantially justified in recording its lis pendens.[13] The court addresses each in turn.

*Availability of Equitable Relief*

Zurich focuses its first argument—broken into two sections—on the availability of potential relief in this matter under the equitable doctrines of *quia timet* and unjust enrichment.[14] These arguments miss the mark. The issue for the court was not whether Zurich might ultimately prove at the summary judgment stage or trial that it is entitled to relief under *quia timet* and unjust enrichment theories.

The sole question before the court was whether Zurich properly filed a notice of lis pendens involving 478 East Island View Circle, Farmington, Utah 84025. Under the applicable Utah statute, a notice of lis pendens may only be filed in an action that "affects the title to, or the right of possession of, real property."[15] In its Complaint, Zurich seeks against all Defendants "losses and expenses," "sufficient funds to cover any and all losses or expenses," "an equitable lien," "equitable security interest," and "funds or other security."[16] Zurich has not identified any basis, equitable or otherwise, in which the court would order title to the Property transferred to Zurich, or in which the court would grant Zurich possession of the Property. Nor has Zurich identified any Utah case supporting a notice of lis pendens in similar circumstances.

---

[12] *Id.* at 9–10.

[13] *Id.* at 14–16.

[14] ECF No. 121 at 4–9, 12–14.

[15] *See* Utah Code Ann. § 78B-6-1303(1)(a).

[16] ECF No. 2 at ¶¶ 54, 61, 65, 66.

Also, this case is not fundamentally about the Property, but about Zurich's monetary claims against the corporate and individual defendants. Zurich's action seeks to be "placed in funds" to protect itself from financial liability and losses incurred or that may be incurred as a surety on several payment and construction bonds issued on behalf of Ascent.[17] As the court observed in its decision, "Utah law does not allow for the filing of a lis pendens in cases seeking a money judgment."[18] Zurich may have good faith concerns that a money judgment against Defendants will not make it whole, but that does not convert its action to one involving the title or right to possession of real property.[19]

Thus, Zurich has not identified clear error or highlighted any manifest injustice that arises from the challenged decision.

*Interpretation of the Agreements*

Zurich next argues that the court overlooked provisions in the agreement with Swenson that "expressly contemplate that Zurich could make claims against the Property to satisfy Ms. Swenson's obligations to Zurich."[20] Zurich points out that some provisions in the 2017 General Indemnity Agreement state that the indemnitors agree that "other indemnity, collateral, property and/or security may be required by [Zurich] with respect to Bonds issued under this

---

[17] *See* ECF No. 2 at ¶¶ 13–15 (alleging the issuance of bonds); *id.* at ¶¶ 25–28 (alleging payment and performance claims on multiple bonds); *id.* at ¶ 48 ("Ascent and the Individual Indemnitors must . . . immediately post collateral in the amount of no less than $10,000,000.00, failing which Zurich should be entitled to liens as requested herein."); *id.* at ¶ 22 ("Ascent and the Individual Indemnitors also promised to place Zurich in funds sufficient to cover any and all actual and potential liability that Zurich might incur as a result of claims on any bonds."). Zurich also alleges that the individual Defendants are jointly and severally liable under written agreements. *Id.* at ¶ 28.

[18] ECF No. 121 at 4–5 (quoting *Winters*, 1999 UT App 119, ¶ 22). *See also Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 262 (1999) ("[l]iens, whether equitable or legal, are merely a means to the end of satisfying a claim for the recovery of money").

[19] *See Chard v. Chard*, 2019 UT App 209 (lis pendens was unlawful because "neither title nor her right to possess the property would have changed").

[20] ECF No. 130 at 11.

Agreement."[21] The language in the agreements, Zurich contends, gives it "collateral interest in the Property."[22] Indeed, Zurich asserts that "each and every asset" in Swenson's possession, including the Property, "belong[s] in good conscience to Zurich as collateral security."[23]

Again, Zurich misses the point. The question is not whether Swenson eventually will be found to owe Zurich funds, but whether Zurich complied with Utah's lis pendens statute. For the reasons stated above, it did not. Zurich fails to show any error, let alone clear error justifying reconsideration.[24]

*Substantial Justification for Recording the Lis Pendens*

Finally, Zurich disagrees with the court's conclusion that Zurich was not substantially justified in recording its lis pendens. Utah's lis pendens statute requires an award of attorney fees to a party who succeeds on a motion to release a lis pendens unless the nonprevailing party "acted with substantial justification" in recording the lis pendens.[25] This provision does not require, and the court has not found, bad faith in Zurich's recording a lis pendens.[26]

In its motion for reconsideration, Zurich simply reargues once again its position that *quia timet* and unjust enrichment may result in an equitable lien, so it was appropriate for it to file a notice of lis pendens.[27] Again, equitable doctrines do not govern the filing of a lis pendens in

---

[21] *Id.* at 10; ECF No. 2-3 at ¶ 15; *see* ECF No. 2-4 at ¶ 15.

[22] ECF No. 130 at 11.

[23] *Id.* at 12.

[24] *See Servants of Paraclete*, 204 F.3d at 1012.

[25] Utah Code Ann. § 78B-6-1304(8).

[26] *See generally id.*

[27] ECF No. 130 at 14–16.

5

Utah; the statute controls.[28] That Zurich might pursue real property to satisfy a possible future money judgment is insufficient to show that the case affects title to the Property.[29]

Zurich also cites a District of Utah case in which the court granted a lien in favor of a surety on "all real and personal property of Defendants."[30] But, again, the question here is not whether it is possible for a surety to obtain a lien at summary judgment, as occurred in that case.[31] Instead, it is whether Zurich complied with the Utah lis pendens statute; compliance with the lis pendens statute was not an issue in the case to which Zurich cites.

Zurich has not shown error or manifest injustice in the court's decision.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court DENIES Zurich's Motion to Reconsider.[32]

Signed July 9, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[28] The court also previously noted Zurich's failure to demonstrate that the value in the Property is traceable to Zurich's funds. *See* ECF No. 121 at 5–6.

[29] *See Winters*, 1999 UT App 119, ¶ 22 ("Utah law does not allow for the filing of a lis pendens in cases seeking a money judgment" (citation and internal quotation marks omitted)); *Dep't of Army*, 525 U.S. at 262 ("Liens, whether equitable or legal, are merely a means to the end of satisfying a claim for the recovery of money."); *id.* ("Indeed, equitable liens by their nature constitute substitute or compensatory relief rather than specific relief.").

[30] *Int'l Fidelity Ins.*, 2019 WL 575886 at *8 (D. Utah).

[31] *Id.*

[32] ECF No. 130.