THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRADLEY LEWIS KNOWLTON; SHONDELL SWENSON; J. SCOTT JOHANSEN; and MARLAINE JOHANSEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [163] MOTION TO INTERVENE AND GRANTING [138] MOTION TO RELEASE LIS PENDENS**<br><br>Case No. 1:20-cv-00089-DBB-CMR<br><br>District Judge David Barlow |
| SHONIK, LLC; and MEADOWBROOK NO. 2, LLC,<br><br>Movants. | |

Before the court is ShoniK, LLC ("ShoniK") and Meadowbrook No. 2, LLC ("Meadowbrook") (collectively, "Movants" or "the LLCs") motion to intervene[1] and motion to release two notices of lis pendens recorded by Plaintiff Zurich American Insurance Company and Fidelity and Deposit Company of Maryland ("Zurich").[2] Having considered the briefing, attachments, and relevant law, the court rules as follows.

---

[1] Motion to Intervene, ECF No. 163.

[2] Motion to Release Lis Pendens, ECF No. 138.

## BACKGROUND

ShoniK is the record owner of the real property commonly known as 310 W. Park Lane, Farmington, Utah (Farmington Property).[3] Meadowbrook is the record owner of the real property commonly known as 516 West Stockmen Way, Ogden, Utah 84401 (Ogden Property).[4]

On July 21, 2020, Zurich filed a Complaint, initiating this action against Defendants Ascent Construction, Inc., Brad L. Knowlton, Shondell Swenson, J. Scott Johansen, and Marlaine Johansen.[5] On July 24, 2020, Zurich filed a Notice of Lis Pendens in this action claiming an "equitable lien" on the Farmington Property.[6] Noting that it added additional legal description, Zurich filed an Amended Notice of Lis Pendens on the Farmington Property on August 10, 2020.[7] On August 7, 2020, Zurich filed a Notice of Lis Pendens claiming an "equitable lien" on the Ogden Property.[8]

Zurich alleges in its Complaint, among other things, that it is entitled to an "equitable lien on any real property owned by Defendants," including the Farmington Property.[9] Zurich has not alleged that either ShoniK or Meadowbrook were parties to the General Indemnity Agreements underlying its claims against the Defendants. And Zurich has not alleged or shown that any named Defendant is the record owner of the Farmington Property.[10] On March 12, 2021,

---

[3] *Id.* at ¶ 1; Ex. B, ECF No. 138-2.

[4] *Id.* at ¶ 2.

[5] *See generally* Complaint, ECF No. 2.

[6] Notice of Lis Pendens, ECF No. 14.

[7] Amended Notice of Lis Pendens, ECF No. 26.

[8] Notice of Lis Pendens, ECF No. 25.

[9] ECF No. 2 at ¶ 65; *see id.* at 22 (requesting relief in the form of equitable liens on properties including the Farmington Property).

[10] *See generally* ECF No. 2. In its briefing on the instant motion, Zurich attached personal financial statements from Brad Knowlton and Shondell Swenson (formerly, Shondell Knowlton), ECF No. 152-3, and Brad Knowlton, ECF No. 152-5, purportedly disclosing interests in ShoniK and Meadowbrook. *See* ECF No. 152 at ¶ 8.

Movants, through counsel, sent a letter to counsel for Zurich demanding that it remove the notices of lis pendens regarding the Farmington Property and Ogden Property within ten days.[11] Zurich did not release the notices.[12] On June 15, 2021, Movants, through counsel, sent Zurich a second letter demanding removal of the lis pendens.[13] The next day, counsel for Zurich responded in an email acknowledging receipt of the demand and suggesting that they try to discuss it that day.[14] The notices of lis pendens were not released.[15]

## ANALYSIS

Movants seek to intervene on the basis that they claim an interest in the Farmington and Ogden properties and that disposing of this action may impair their ability to protect their property interest.[16] They request release of the notices of lis pendens on the Farmington Property and the Ogden Property arguing that the instant action does not affect title to, or possession of, real property.[17] Movants also request an award of damages, fees, and costs associated with the notices of lis pendens and this motion.[18] In its opposition, Zurich asserts that movants do not have a right to intervene,[19] and that Zurich has a valid possessory interest in the properties.[20]

---

[11] ECF No. 138 at ¶ 8; ECF No. 138-4.

[12] ECF No. 138 at ¶ 9.

[13] *Id.* at ¶ 15; ECF No. 138-5.

[14] ECF No. 138 at ¶ 16; ECF No. 138-6.

[15] *See generally* Docket.

[16] ECF No. 163 at 3.

[17] ECF No. 138 at 5–10.

[18] *Id.* at 10–11.

[19] Response to ShoniK, LLC and Meadowbrook No. 2, LLC's Motion to Intervene as a Matter of Right, ECF No. 172 at 3.

[20] Response in Opposition to ShoniK, LLC's and Meadowbrook No. 2, LLC's Expedited Motion to Release Lis Pendens, ECF No. 152 at 6–7; *see id.* at 10 ("Zurich has an interest in the Properties by virtue of Zurich's contractual and equitable rights to collateral to protect Zurich from further losses under the Bonds, which is distinct from the relief that Zurich may eventually seek in the form of a monetary judgement, as necessary.").

### 1. ShoniK and Meadowbrook have established a basis to intervene.

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires that a party be permitted to intervene in a matter if they "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[21] The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."[22] A movant may intervene as of right if "(1) the application is 'timely;' (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action;' (3) the applicant's interest 'may as a practical matter' be 'impair[ed] or impede[d];' and (4) 'the applicant's interest is [not] adequately represented by other parties."[23]

First, Movants' motion to intervene is timely. "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."[24] This analysis is contextual, and "absolute measures of timeliness should be ignored."[25] Here, Movants attempted to resolve this dispute informally before filing their motion to intervene.[26] They requested that Plaintiff release its lis pendens

---

[21] Fed. R. Civ. P. 24(a)(2).

[22] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

[23] *Coal. Of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (alterations in original).

[24] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quotations omitted).

[25] *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

[26] ECF No. 173 at 4.

notice in March 2021, and only after Zurich rejected the request in June did they file a motion to in this court.[27] This court ruled that it would not consider the motion until Movants sought to intervene in this case, which they did one week after the court order.[28] Furthermore, Plaintiff has not demonstrated that it would suffer prejudice if the Movants intervened. Granting the motion to intervene would not result in any additional discovery or briefing, as the Movants seek to intervene for the limited purpose of releasing lis pendens on their properties. Considering the circumstances and construing the right to intervene liberally, Movants' motion to intervene is timely.

Second, Movants' motion to intervene claims an interest relating to the property which is the subject of the action. ShoniK and Meadowbrook are the record owners of the Farmington and Ogden properties, two properties on which Plaintiff has filed lis pendens and are thus the subject of the action.[29]

Third, Movants' interest in the properties may, as a practical matter, be impaired. "[T]he question of impairment is not separate from the question of existence of an interest."[30] The burden is minimal to show that impairment of a legal interest is possible if intervention is denied.[31] Here, Plaintiff has filed lis pendens on the properties and seeks an equitable lien on the

---

[27] *Id.*

[28] *Id.* at 5.

[29] ECF No. 21 at 3–4.

[30] *Nat. Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978).

[31] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001).

properties.[32] The lis pendens is sufficient possible impairment to grant the motion to intervene.[33] So too the prospect of an equitable lien.[34]

Finally, Movants' interest is not adequately represented by other parties. The burden of showing that representation may be inadequate is a "minimal one," and a movant need only show the possibility that the interests of the applicant and the parties may diverge.[35] Here, although Brad Knowlton may have an interest in the LLCs, the LLCs are distinct corporate entities with multiple members. There is no presumption that the interests of Mr. Knowlton are identical to those of the LLCs, and the Movants have shown that there is, at a minimum, the possibility that their interests diverge from those of Mr. Knowlton.[36] Movants have shown that they made a timely motion for intervention, have an interest in properties at issue that could be affected by the litigation, and are not already represented in the litigation. Thus, under Rule 24(a)(2), movants are entitled to intervene as of right.

### 2. The motion to release lis pendens is granted.

As an initial matter, the court notes that the instant motion is the second seeking the release of a lis pendens notice filed by Zurich in this case.[37] On May 11, 2021, the court granted Matt and Holly Rasband's separate motion on the basis that this action does not affect title to or

---

[32] *See* Complaint, ECF No. 2 at 22; Notice of Lis Pendens, ECF No. 14; Notice of Lis Pendens, ECF No. 25.

[33] *See Hidden Meadows Dev. Co. v. Mills*, 590 P.2d 1244, 1248 (Utah 1979) (noting that a lis pendens gives constructive notice of proceedings which may be derogatory to an owner's title and that a buyer who takes with full knowledge that a property is subject to ongoing litigation takes the property subject to the disposition of the litigation).

[34] *See Rawlings v. Rawlings*, 358 P.3d 1103, 1110–11 (Utah 2015) ("[A]n equitable lien exists as a 'security for a claim' and typically arises when an individual makes improvements on the land of another.")

[35] *Utah Ass'n of Ctys.*, 255 F.3d at 1254.

[36] *See* ECF No. 173 at 11.

[37] *See, e.g.*, Motion to Release Lis Pendens, ECF No. 65.

possession of real property.[38] Although the facts in the instant motion differ from the earlier motion, the legal conclusion remains the same. Because Zurich's action does not affect title to, or possession of, real property, the notices of lis pendens must be released.

Under Utah law, any party to an action "that affects the title to, or the right of possession of, real property" may file a notice of pendency of action, commonly referred to as a lis pendens.[39] However, "Utah law does not allow for the filing of a lis pendens in cases seeking a money judgment."[40] The pertinent question here, then, is whether the instant action affects title to, or possession of, real property.

In its Complaint, Zurich asserts that the Defendants breached certain indemnity agreements.[41] Pursuant to the agreements, Defendants are required to "place Zurich in sufficient funds to cover any and all losses or expenses, including attorneys' and consultant's fees and costs, incurred or to be incurred by Zurich as a result of the issuance of the Bonds."[42] Zurich also requests equitable liens be placed on certain real property, including the Farmington Property.[43] The indemnity agreements do not identify the Farmington Property or Ogden Property as collateral or security, and neither ShoniK or Meadowbrook are parties to the agreements.[44] The agreements generally authorize Zurich to offset losses by pursuing property under any bonded contract, but they do not specifically affect the Farmington Property or Ogden Property in any

---

[38] *See* Memorandum Decision and Order Granting Motion to Intervene and Granting Motion to Release Lis Pendens, ECF No. 121 at 4.

[39] Utah Code Ann. § 78B-6-1303(1)(a).

[40] *Winters v. Schulman*, 1999 UT App 119, ¶ 22, 977 P.2d 1218 (citation and internal quotation marks omitted).

[41] ECF No. 2 at ¶¶ 50–54; *see* ECF Nos. 2-3, 2-4, 2-5.

[42] ECF No. 2 at ¶ 61.

[43] *Id.* at ¶ 65.

[44] *See* ECF No. 2-3 at 4–5 (defining "collateral" as including "any real or personal property, the improvement of which is secured by any Bond"); ECF No. 2-4 at 4–5; ECF No. 2-5 at 4–5.

way.[45] In sum, Zurich has failed to show that the terms of the agreements provide a basis for concluding that the instant action affects title to, or possession of, the properties.

In addition to its contractual claims, Zurich asserts equitable claims against the Defendants.[46] "[A] plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."[47] "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."[48]

Generally, Zurich's indemnity agreements require that Defendants place Zurich in funds to indemnify the surety against claims arising from certain project or performance bonds.[49] In the event that Defendants cannot put forward sufficient funds, Zurich requests an equitable lien against the Farmington Property.[50] However, Zurich has not demonstrated that its claims trace back to the Farmington Property.[51] Zurich does not identify ShoniK or Meadowbrook in its

---

[45] There is no allegation or evidence that the Farmington Property or Ogden Property are the subject of a bonded contract.

[46] *See, e.g.*, ECF No. 2 at 18, 20.

[47] *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002); *see Rawlings v. Rawlings*, 2015 UT 85, ¶ 28, 358 P.3d 1103 ("An equitable lien provides real property 'security for a claim' and typically arises when an individual makes improvements on the land of another." (quoting Restatement (First) of Restitution § 161 cmt. a (AM. LAW INST. 1937)); Restatement (First) of Restitution § 161 (1937) ("Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises.").

[48] *Great-W. Life & Annuity*, 534 U.S. at 214.

[49] *See generally* ECF Nos. 2, 2-3, 2-4.

[50] ECF No. 2 at ¶ 65; *id.* at 22.

[51] Zurich also asserts a claim for unjust enrichment, which claim may be remedied by an equitable lien. *See Jones v. Mackey Price Thompson & Ostler*, 2015 UT 60, ¶ 51 n.55, 355 P.3d 1000 ("The equitable lien may be imposed ... to prevent unjust enrichment." (brackets and ellipsis omitted)) (quoting 1 Dan B. Dobbs, Law of Remedies § 2.6(3) (2d ed.1993)). Although the court does not address the viability of the unjust enrichment claim, the equitable lien remedy suffers from the same problem as the contract claim—the Farmington Property, based upon the circumstances alleged, is not traceable to the actions of Zurich such that it would inequitable to allow Movants to

Complaint, nor does it allege that "particular funds or property" belonging to Zurich are in the Movants' possession.[52] Consequently, Zurich has not adequately alleged a basis for an equitable lien.

Zurich also argues that this action affects title to and possession of property because Zurich is "legally entitled to collateral from Knowlton/Ascent," including the properties at issue in this motion.[53] Nothing in Zurich's Complaint suggests that it has an enforceable property interest, possessory or otherwise, in these specific properties.[54] Indeed, Zurich makes it clear that it seeks to prove in this action its right to collateral or equitable liens in order to protect its ability to collect if the Defendants are unable to place it in funds.[55] The instant action does not affect title to the Property or possession of the Farmington Property or Ogden Property. Accordingly, the requests for release of the lis pendens must be granted.

### 3. ShoniK and Meadowbrook are not entitled to damages, but are entitled to attorney fees and costs.

ShoniK and Meadowbrook argue that they are entitled to damages, fees, and costs resulting from Zurich's alleged wrongfully filed notices of lis pendens.[56]

In Utah, a person is "liable to the record owner of real property . . . that is damaged by the maintenance of a notice of pendency[.]"[57] As relevant here, to satisfy the statute for damages, the noticing party must record the notice "knowing or having reason to know that . . . the notice is

---

"retain the benefit without payment of its value." *Hillcrest Inv. Co. LLC v. Dep't of Transp.*, 2015 UT App 140, ¶ 16, 352 P.3d 128 (quoting *Allen v. Hall*, 2006 UT 70, ¶ 26, 148 P.3d 939).

[52] *See Great-W. Life & Annuity*, 534 U.S. at 214.

[53] ECF No. 152 at 7.

[54] *See generally* ECF No. 2.

[55] *See* ECF No. 2 at ¶ 65.

[56] ECF No. 138 at 10–11.

[57] Utah Code Ann. § 78B-6-1304.5.

groundless[.]"[58] Although ShoniK and Meadowbrook argue that the notices of lis pendens were groundless, they do not contend that Zurich knew or had reason to know this when it recorded the notices. Further, they do not contend that either property was damaged as a result of the recorded lis pendens notices. On these bases, the court denies Movants' request for an award of damages.

Utah law also requires an award of costs and attorney fees if a party prevails on a motion to release a notice of pendency of action, "unless the court finds that: (a) the nonprevailing party acted with substantial justification; or (b) other circumstances make the imposition of attorney fees and costs unjust."[59] For the reasons stated above, the court finds that neither exception is applicable. Therefore, the court awards ShoniK and Meadowbrook their reasonable attorney fees and costs as the parties prevailing on the motion for release of lis pendens.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court GRANTS the motion to intervene.[60] The court GRANTS Movants' motion to release lis pendens.[61] The court ORDERS Zurich to release its Notice of Lis Pendens from ShoniK's Farmington Property and the court ORDERS Zurich to release its Notice of Lis Pendens from Meadowbrook's Ogden Property. The court DENIES Movants' request for damages resulting from the recorded notices. The court GRANTS Movants' request for attorney fees and costs.[62] Within twenty-one days of

---

[58] *Id.* § 78B-6-1304.5(2).

[59] *Id.* § 78B-6-1304(8).

[60] ECF No. 163.

[61] ECF No. 138.

[62] *Id.*

this Order, counsel for Movants should submit a petition for reasonable attorney fees and costs associated with this motion, including an affidavit itemizing attorney fees and costs.

    Signed August 23, 2021.

                                          BY THE COURT

                                          _____
                                          David Barlow
                                          United States District Judge