THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRAD L. KNOWLTON; SHONDELL SWENSON; J. SCOTT JOHANSEN; AND MARLAINE JOHANSEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE [168] PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:20-cv-00089-DBB<br><br>District Judge David Barlow |

Zurich American Insurance Co. and Fidelity and Deposit Co. of Maryland brings a motion for partial summary judgment against Defendants Ascent Construction, Brad Knowlton, J. Scott Johansen, Marlaine Johansen, and Shondell Swenson.[1] Because the motion is premature, Zurich's motion for partial summary judgment is DENIED without prejudice.

## BACKGROUND

In July 2020, Zurich filed suit against Ascent Construction, Brad Knowlton, J. Scott Johansen, Marlaine Johansen, and Shondell Swenson for breach of contract after the Defendants failed to indemnify Zurich for exposure on construction bonds.[2] The current discovery deadline

---

[1] Zurich's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) ("Motion for Partial Summary Judgment") at 1, ECF No. 168, filed Aug. 6, 2021.
[2] *See* Complaint, ECF No. 2, filed July 21, 2020.

is June 15, 2022.[3] Zurich moved for partial summary judgment on August 6, 2021.[4] The motion for partial summary judgment was fully briefed on December 17, 2021.[5]

## STANDARD

A court may grant summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[6] Summary judgment is inappropriate if any material factual issue "may be reasonably resolved in favor of any party."[7] To defeat a motion for summary judgment "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial,'" but this requirement is qualified by the directive that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[8]

## DISCUSSION

Defendants Knowlton, Ascent, J. Scott Johansen, and Marlaine Johansen argue that more factual inquiry and discovery is required to determine whether there are genuine issues of material fact on Zurich's claims.[9] The court has the discretion to resolve a motion for summary judgment before the close of discovery if there is no genuine issue of material fact.[10] In its motion for partial summary judgment, Zurich seeks extensive relief, including: a money judgment against Ascent and Knowlton; a money judgment against Swenson and the Johansens;

---

[3] *See* Scheduling Order at 7, ECF No. 120, filed May 5, 2021.
[4] *See* Motion for Partial Summary Judgment at 1.
[5] *See* Zurich's Reply to Swenson's Memorandum Opposing Zurich's Motion for Partial Summary Judgment, ECF No. 247, filed Dec. 17, 2021.
[6] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[8] *Id.* at 250, 250 n. 5.
[9] Ascent and Knowlton's Memorandum in Opposition to Zurich's Motion for Partial Summary Judgment ("Ascent Opposition") at 44–45, ECF No. 212, filed Oct. 12, 2021; Johansens' Memorandum Opposing Motion for Partial Summary Judgment ("Johansens' Opposition") at 25–29, ECF No. 223, filed Oct. 28, 2021.
[10] *See* Fed. R. Civ. P. 56(a).

a judgment granting Zurich its attorneys' fees; a judgment requiring the Defendants to post funds as collateral for Zurich; and an order granting Zurich a lien on the Defendants' personal and real property.[11] In all, Zurich's motion for partial summary judgment seeks a judgment of over $45 million, interest in 6 parcels of real property, interest in 17 different entities, and attorneys' fees.[12]

Deciding Zurich's motion now, before the discovery deadline established in the court's prior order, would effectively prevent the parties from developing the factual record, thereby undermining the court's ability to accurately determine whether there is "no genuine issue of material fact" on the relevant issues.[13] The current discovery deadline in this case was set in May 2021 pursuant to the parties' joint discovery plan.[14] The parties still have until the discovery deadline of June 15, 2021 to complete discovery. It is in the interests of justice for the court to defer its ruling on summary judgment until the relevant facts have been developed through the

---

[11] Motion for Partial Summary Judgment at 4–8.
[12] *Id.*
[13] Courts in this district often have denied motions for summary judgment as premature when additional discovery would allow the court to determine if a genuine issue of material fact existed in the case. *See, e.g.*, *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-00161, 2014 WL 6636735, at *2 (D. Utah Nov. 24, 2014) ("Consistent with the parties' scheduling order and the dates listed above, the court instructs the parties to engage in discovery prior to the filing of dispositive motions for summary judgment."); *Enoch v. Dahle/Meyer Imports, LLC*, No. 2:05-cv-409, 2006 WL 547947, at 1 (D. Utah Mar. 6, 2006) ("Although the court acknowledges that Ms. Enoch failed to submit an affidavit in support of her rule 56(f) request with regard to her Equal Credit Opportunity Act claim and failed to move for a 56(f) continuance as to her other claims, the record establishes that some discovery must occur before the allegations in Ms. Enoch's complaint can be properly resolved."); *BM Glob. Grp. USA, LLC v. BSN Med., Inc.*, No. 2:05-cv-821, 2006 WL 3337421, at *2 (D. Utah Nov. 16, 2006) ("The Court finds that there are numerous disputed issues of material fact presented by the parties at this early stage in the litigation, and that summary judgment is premature at this juncture."); *Redmond, Inc. v. Willow Creek Salt, Inc.*, No. 2:17-cv-943, 2018 WL 1972678, at *2 (D. Utah Apr. 26, 2018) ("Given the state of the case and that discovery has yet to be conducted, the summary judgment motion is denied as premature to allow discovery with leave for the parties to file additional motions as deemed appropriate at a later time.").
[14] *See* Attorney Planning Meeting Report at 8–9, ECF No. 118, filed Apr. 22, 2021.

discovery process and the parties have had the opportunity to incorporate these facts into their briefing.[15] Zurich's motion for partial summary judgment is premature.

The court makes no findings on the merits of Zurich's motion for partial summary judgment and grants Zurich leave to file an amended motion for summary judgment after the conclusion of discovery. Additionally, the court does not rule that the Defendants are or are not entitled to discovery on all the issues they have raised in their responses—all discovery issues will continue to be determined before Judge Romero.

## ORDER

Because it is premature, Zurich's Motion for Partial Summary Judgment is DENIED without prejudice. The current scheduling order authorizes any party to file dispositive motions by July 30, 2022.[16] Zurich may file an amended motion for summary judgment at that time.

Signed January 31, 2022.

                                              BY THE COURT

                                              David Barlow
                                              United States District Judge

---

[15] Additionally, simply retaining the current motion and briefing make little sense because the parties will seek to supplement their older briefing with additional briefs depending on the results of discovery. Efficiency and accuracy both are served by starting fresh after the close of discovery.
[16] Scheduling Order at 7.