THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRADLEY L. KNOWLTON; SHONDELL SWENSON (f/k/a SHONDELL KNOWLTON); J. SCOTT JOHANSEN; and MARLAINE JOHANSEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [252] MOTION FOR RECONSIDERATION AND DENYING MOTION TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL**<br><br>Case No. 1:20-cv-00089-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiff Zurich American Insurance Co. and Fidelity and Deposit Co. of Maryland's ("Zurich") Motion for Reconsideration, and alternatively, Motion to Certify the Order for Interlocutory Appeal.[1] Having reviewed the parties' briefing, the court concludes that the motion may be resolved without oral argument.[2] The court denies Zurich's motion for reconsideration and denies certification of an order for interlocutory appeal.

## BACKGROUND

Zurich moved for partial summary judgment on August 6, 2021.[3] It sought judgment against Ascent Construction, Inc., Bradley Knowlton, Shondell Swenson, Scott Johansen, and Marlaine Johansen (collectively "Defendants") for breach of contract after Defendants

---

[1] Mot. for Recons., ECF No. 252, filed Feb. 28, 2022.
[2] *See* DUCivR 7-1(g).
[3] Mot. for Partial Summ. J., ECF No. 168, filed Aug. 6, 2021.

purportedly failed to indemnify Zurich for liability on construction bonds.[4] Zurich alleged that Defendants were liable as a matter of law because Defendants signed General Indemnity Agreements ("GIA") and Zurich subsequently relied on the GIAs to issue bonds.[5] The court denied Zurich's motion on January 31, 2022 because it was premature.[6] But the court granted Zurich leave to file an amended motion for summary judgment after the close of discovery.[7] Zurich moved for reconsideration of the order on February 28.[8] The matter is fully briefed.[9]

## DISCUSSION

Zurich asks the court to revisit its order denying without prejudice the motion for partial summary judgment, and in the alternative, to certify the order for interlocutory appeal.

### A. Motion for Reconsideration

First, Zurich moves for reconsideration of the court's order. The Federal Rules of Civil Procedure "do not recognize a motion to reconsider."[10] Under Rule 54(b), however, any decision adjudicating fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[11] The Supreme Court has recognized that "a district court ordinarily has the power to modify or rescind its orders at any

---

[4] *See* Compl. ¶¶ 49–90, ECF No. 2, filed July 21, 2020.
[5] *See* ECF No. 168 at 21.
[6] Order Den. Pl. Mot. for Partial Summ J., ECF No. 251, filed Jan. 31, 2022.
[7] *Id.* at 4.
[8] ECF No. 252.
[9] Opp'n, ECF No. 256, filed Mar. 14, 2022; Reply, ECF No. 264, filed Apr. 1, 2022.
[10] *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010).
[11] Fed. R. Civ. P. 54(b).

point prior to final judgment in a civil case."[12] And "district courts generally remain free to reconsider their earlier interlocutory orders."[13]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[14] A "decision on a motion to reconsider is committed to the court's 'considerable discretion.'"[15] Such motions, however, "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments."[16] As Zurich does not argue that there has been an intervening change in binding law or that new evidence supports its motion,[17] the court considers only whether the need to correct clear error or to prevent manifest injustice warrants revisiting its order.

1. **There Was No Clear Error.**

Zurich contends that the court committed clear error when it denied the motion for partial summary judgment and granted Zurich leave to re-file at the end of the discovery period. Specifically, Zurich argues that further discovery would not have assisted the court in ruling on the motion and case law did not support the court's decision.

First, Zurich asserts that the additional discovery sought by Defendants in opposition to the motion for summary judgment was "unspecified," and in any event, "there [wa]s no need for

---

[12] *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016) (citing *Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943)).
[13] *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (quoting *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007)).
[14] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[15] *Panel Specialists, Inc. v. Tenawa Haven Processing, LLC*, No. 16-4140, 2019 WL 587961, at *1 (D. Kan. Feb. 13, 2019) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997)).
[16] *Servants of Paraclete*, 204 F.3d at 1012.
[17] Zurich's citation to two recent district court cases (Maryland and Hawaii) does not show an intervening change in binding law. *See* Notice of Suppl. Auths., ECF No. 281, filed June 28, 2022.

additional discovery."[18] In support, Zurich points to Defendants' lack of discovery requests between November 2021 and February 2022.[19] Zurich also asserts that Defendants failed to describe how more discovery would have rebutted Zurich's claim that the GIAs are dispositive.[20] For Zurich, discovery would not change the plain meaning of the GIAs or help the court see that it "is entitled to the [Defendant]s' specific performance of their promise to place Zurich in funds . . . as soon as a demand has been made on the [b]onds and before Zurich is even called to experience the loss."[21]

The court's denial of Zurich's motion for partial summary judgment to allow for additional discovery was not clear error. The discovery period was not set to end until five months after the order.[22] Defendants had asked for more time to complete discovery[23] because of the number of motions, the case's complex nature, and Zurich's considerable requests for relief.[24] The court concluded that it was "in the interests of justice . . . to defer its ruling on summary judgment until the relevant facts had been developed through the discovery process and the parties have had the opportunity to incorporate these facts into their briefing."[25]

Second, Zurich contends that there was no authority for the court to have deferred ruling on the motion for summary judgment. It claims that the cases cited by the court to support the

---

[18] ECF No. 252 at 6, 13. Zurich claims that "there is nothing to be discovered or produced that could refute [Defendants'] obligation to post collateral," *id.* at 12, because "uncontroverted evidence supports only one interpretation . . . enforcement of the GIAs," *id.* at 11.
[19] *See id.* at 12.
[20] *See id.*
[21] *Id.* at 13 (referencing *Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431, 433, 434 (9th Cir. 1984)).
[22] *See* ECF No. 196.
[23] *See* Decl. of Bruce Pritchett, ECF No. 211, filed Oct. 12, 2021; Ascent Opp'n 13, 44–46, ECF No. 212, filed Oct. 12, 2021; Johansen Opp'n 25–29, ECF No. 223, filed Oct. 28, 2021.
[24] *See* Compl. at ¶¶ 49–90; ECF No. 168 at 4–8; ECF No. 251 at 2–3 (listing Zurich's requests for relief).
[25] ECF No. 251 at 3–4.

Case 1:20-cv-00089-DBB-CMR Document 300 Filed 09/02/22 PageID.7818 Page 5 of 8

order are "nonauthoritative and . . . distinguishable."[26] Zurich's argument is unpersuasive. The Tenth Circuit has said that district courts have "broad discretion in managing the[ir] pretrial schedule."[27] Here, the court reasoned that ruling on summary judgment with an incomplete factual record would undermine the court's ability to fairly decide the motion and supported its reasoning with several district court cases.[28] The court granted leave for Zurich to refile its summary judgment after discovery concluded, which would allow the parties to develop the record and frame the issues. While summary judgment prior to the close of discovery is permissible, on this record it would have been both imprudent and unfair to decide that issue prematurely. For these reasons, the ruling was not in error, much less clear error.

### 2. Manifest Injustice Does Not Warrant Revising the Court's Order.

Next, Zurich claims that it will suffer manifest injustice because the court did not grant its motion for partial summary judgment. "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is apparent to the point of being indisputable."[29] Zurich argues that the law supports its claim that it "has a contractual right to apply collateral, supplied by" Defendants.[30] Thus, Zurich argues, it "will continue to face injustice with each additional bond claim it pays out of pocket."[31]

---

[26] ECF No. 252 at 13.
[27] *Rimbert*, 647 F.3d at 1254; *see United States v. Robertson*, 45 F.3d 1423, 1438–39 (10th Cir. 1995) ("[T]here is no doubt a district court has considerable authority in managing its docket.").
[28] ECF No. 251 at 3 n.13.
[29] *Petrie v. GoSmith, Inc.*, No. 18-cv-01528, 2019 WL 3215983, at *4 (D. Colo. July 17, 2019) (quoting *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011)).
[30] ECF No. 252 at 17.
[31] *Id.*

Zurich essentially recycles its arguments from the motion for partial summary judgment.[32] This is not enough to show manifest injustice.[33] Reserving judgment on the merits when the discovery period has not run and the plaintiff requests a "judgment of over $45 million, interest in 6 parcels of real property, interest in 17 different entities, and attorneys' fees" is prudent and fair to both sides. That one side prefers a decision before discovery concludes does not create manifest injustice.[34] Thus, Zurich has not demonstrated manifest injustice.

### B. Motion to Certify the Order for Interlocutory Appeal

Alternatively, Zurich moves the court to certify the order for interlocutory appeal to answer "whether a court can defer enforcement of time-sensitive contractual rights until the close of discovery when there is no dispute as to the contract's validity or enforceability and no presently articulable genuine dispute of material fact."[35] Cases are not automatically eligible for interlocutory appeal from a denial of summary judgment.[36] But a district court can certify an order for interlocutory appeal at its discretion under 28 U.S.C. § 1292(b).[37] The standard to do so is high. "Interlocutory appeals under § 1292(b) are appropriate only in extraordinary cases"[38] and "should rarely be certified."[39] The burden rests on the party seeking certification.[40]

---

[32] *Compare id.* at 15–18, *with* ECF No. 168 at 21–30.
[33] *See Servants of Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").
[34] ECF No. 251 at 3; *see* ECF No. 168 at 4–8.
[35] ECF No. 252 at 19.
[36] *See* 28 U.S.C. § 1292(a) (interlocutory appeals related to injunctions, receivership, and admiralty cases).
[37] *See Chamberlain v. Crown Asset Mgmt.*, No. 1:21-CV-00146, 2022 WL 3445952, at *1–2 (D. Utah Aug. 17, 2022).
[38] *Mod. Font Applications LLC v. PetSmart, Inc.*, No. 2:19-cv-00613, 2020 WL 9255402, at *2 (D. Utah June 25, 2020); *see Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) ("[T]he enlargement of the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action.").
[39] *Chamberlain*, 2022 WL 3445952, at *1; *see* Appl. to Specific Orders, 16 Fed. Prac. & Proc. Juris. § 3931 (3d ed. 2022) ("There is no right to appeal from orders of any sort that are generally within the statute, and it is to be expected that permission will be denied frequently.").
[40] *See In re Americana Expressways*, No. 91-C-25142, 1995 WL 500526, at *1 (D. Utah Aug. 2, 1995).

A movant must meet three statutory requirements before the court will certify an order for interlocutory appeal. First, the order must "involve[] a controlling question of law."[41] The question must be "stated at a high enough level of abstraction to lift it out of details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."[42] Second, there must "be substantial ground for difference of opinion about the controlling question of law."[43] Such a difference "exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."[44] Last, the interlocutory appeal must "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly."[45]

Zurich claims that "[t]here appear to be conflicting approaches in the District of Utah that could be resolved on appeal."[46] But Zurich's conclusory statement does not show that there is a substantial ground for difference of opinion. Zurich does not demonstrate that circuit courts of appeal dispute this question or that the proposed issue for certification is a "novel and difficult question of first impression."[47] Instead, the Supreme Court and the Tenth Circuit have reached

---

[41] 28 U.S.C. § 1292(b).
[42] *Chamberlain*, 2022 WL 3445952, at *1 (cleaned up).
[43] *Id.* at *2.
[44] *Id.* (cleaned up).
[45] *Id.* (quoting *United States v. Intermountain Healthcare, Inc.*, No. 2:20-cv-00372, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022) (citation omitted)).
[46] ECF No. 252 at 19.
[47] *Chamberlain*, 2022 WL 3445952, at *2.

similar rulings regarding deferring summary judgment until the end of discovery.[48] Zurich fails to cite any binding cases to the contrary.

Finally, the issue here—whether to permit the conclusion of fact discovery before deciding a motion for summary judgment—is not "extraordinary," but pedestrian. Zurich prefers that its motion for summary judgment had been decided before discovery concluded. The court determined that the interests of justice and fairness to all parties required that discovery be completed first. This is not the "extraordinary" situation for which interlocutory appeals are meant.

Because Zurich fails to satisfy 28 U.S.C. § 1292(b)'s second prong, the court denies the motion for certification without considering the other two requirements.

## ORDER

Accordingly, the court DENIES Zurich's Motion to Reconsider. The court DENIES Zurich's Motion to Certify the Order for Interlocutory Appeal.

Signed September 1, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[48] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) ("[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984) (request for deferment due to lack of discovery should be "treated liberally").

8