THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>          Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC., BRADLEY L. KNOWLTON, SHONDELL SWENSON (f/k/a SHONDELL KNOWLTON), J. SCOTT JOHANSEN, and MARLAINE JOHANSEN,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [283] MOTION TO RECONSIDER MAGISTRATE JUDGE'S DENIAL OF TIME EXTENSION FOR DISCOVERY**<br><br>Case No. 1:20-cv-00089-DBB-CMR<br><br>District Judge David Barlow |

This matter is before the court on Defendants Ascent Construction, Inc. and Brad Knowlton's Motion to Reconsider Magistrate Judge Romero's Denial of Time Extension for Discovery.[1] Having reviewed the briefing, the court concludes that the motion may be resolved without oral argument.[2] Because the magistrate judge's order was not clearly erroneous or contrary to law, the court denies Defendants' motion.

## BACKGROUND

Plaintiff Zurich American Insurance Co. and Fidelity and Deposit Co. of Maryland ("Zurich") seeks judgment against Ascent Construction, Inc. ("Ascent"), Bradley Knowlton ("Mr. Knowlton"), Shondell Swenson, Scott Johansen, and Marlaine Johansen for breach of

---

[1] Mot. to Recons., ECF No. 283, filed July 6, 2022.
[2] *See* DUCivR 7-1(g).

contract after the parties purportedly failed to indemnify Zurich for liability on construction bonds.[3] Discovery began on September 24, 2020,[4] and the deadline for fact discovery was March 31, 2022.[5] On the last day of discovery, Ascent and Mr. Knowlton (collectively "Defendants") moved for a five-month extension that the magistrate judge denied on June 22.[6] Two weeks later, Defendants moved this court to reconsider the decision.[7] The matter is fully briefed.[8]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[9] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[10] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[11]

## DISCUSSION

The magistrate judge's decision to deny Defendants' motion was not clear error or contrary to law. The judge applied the correct standard and found that Defendants had not been diligent. First, the magistrate judge applied the correct legal standard under Federal Rule of Civil Procedure 6(b). Defendants assert, however, that Judge Romero incorrectly viewed the "excusable neglect" standard for motions made after the close of discovery as a *lesser* standard

---

[3] *See* Compl. ¶¶ 49–90, ECF No. 2, filed July 21, 2020.
[4] *See* ECF No. 120, filed May 5, 2021.
[5] ECF No. 196, filed Sept. 24, 2021.
[6] ECF No. 280, filed June 22, 2022.
[7] ECF No. 283; *see* Fed. R. Civ. P. 72(a). Though Defendants filed their motion as a motion to reconsider, the court treats the motion as an objection to the magistrate judge's order. *See* DUCivR 72-3.
[8] *See* ECF No. 283; Resp. to Mot. for Recons., ECF No. 286, filed July 20, 2022. Defendants have not filed a reply.
[9] Fed. R. Civ. P. 72(a).
[10] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[11] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah July 9, 2020) (cleaned up).

than that of the "good cause" standard needed for motions made before the end of discovery.[12]
Defendants argue that because the "excusable neglect" standard applies when a party misses the
discovery deadline,[13] the "good cause" standard—applicable in general—is less stringent.[14]
Thus, Defendants contend that the magistrate judge's reliance on the "excusable neglect"
standard was contrary to law because Defendants filed a timely motion for extension of
discovery.[15]

      Defendants offer no case law to support their conclusory statements.[16] In fact, the law is
clear. "[G]ood cause and excusable neglect . . . are interrelated."[17] As the Tenth Circuit in *In re
Kirkland* explains, the "good cause" standard "would appear to require *at least as much* as would
be required to show excusable neglect."[18] As a result, if a party cannot show "excusable neglect,"
it cannot show "good cause." For that reason, the magistrate judge did not err by applying the
four-factor test for "excusable neglect."[19]

      Second, the magistrate judge's findings were not clearly erroneous. Judge Romero
reasonably found that allowing an additional five-month extension might prejudice Zurich and
would impact future deadlines.[20] Further, the magistrate judge found that Defendants had "not
exercised reasonable diligence" because they did not begin discovery efforts earlier and rejected

---

[12] *See* Fed. R. Civ. P. 6(b)(1); ECF No. 283 at 3–4.
[13] Fed. R. Civ. P. 6(b)(1)(B).
[14] *See* ECF No. 283 at 4; Fed. R. Civ. P. 6(b)(1).
[15] ECF No. 283 at 3–4.
[16] *E.g.*, *id.* at 3 ("Clearly, the less stringent standard applies to motions made before a deadline expires.").
[17] *Zemaitience v. Salt Lake County*, No. 2:17-cv-00007, 2021 WL 914063, at *3 (D. Utah Mar. 10, 2021) (citing *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).
[18] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (1987)); *see also id.* ("'[G]ood cause' requires a greater showing than 'excusable neglect.'");
[19] ECF No. 280 at 3 (citing *Babakr v. Fowles*, No. 20-2037, 2022 WL 1302817, at *2 (D. Kan. May 2, 2022)).
[20] *Id.* at 4.

Defendants' argument that they had been "too busy."[21] Even if Judge Romero had analyzed the facts only under the "good cause" standard, she would have reached the same result as to the lack of reasonable diligence. Under this standard, it was Defendants' burden[22] to "show that [they] ha[d] been diligent in attempting to meet the deadlines" and to offer "an adequate explanation for any delay."[23] Judge Romero found that Defendants did not do either.[24] The court agrees. And "an enlargement of the time period is by no means a matter of right."[25] In sum, Defendants fail to explain why the magistrate judge's analysis was clear error.[26]

## ORDER

Accordingly, the Court DENIES Defendants' motion for reconsideration.

Signed September 1, 2022.

BY THE COURT

_____

David Barlow
United States District Judge

---

[21] *Id.*

[22] *Id.* at 5 (citing *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017)).

[23] *Id.* at 2–3 (quoting *Emuveyan v. Ewing*, No. 2:19-cv-00616, 2022 WL 464306, at *1 (D. Utah Feb. 15, 2022).

[24] *Id.* at 4–5.

[25] *Utah Republican Party*, 678 F. App'x at 700 (quoting *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 n.10 (10th Cir. 2013)).

[26] *See* ECF No. 283 at 4–5 (arguing that Ascent had only two employees who are "being as diligent as any two people could reasonably be expected to be," and that Ascent had spent time arbitrating other cases instead of dealing with discovery).