THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRADLEY LEWIS KNOWLTON; SHONDELL SWENSON; J. SCOTT JOHANSEN; AND MARLAINE JOHANSEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [315] PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERLENGTH MOTIONS**<br><br>Case No. 1:20-cv-00089-DBB-CMR<br><br>District Judge David Barlow |

The matter before the court is Plaintiff Zurich American Insurance Company and Fidelity and Deposit Company of Maryland's ("Zurich") Motion for Leave to File Overlength Motions.[1] For the reasons below, the court denies Zurich's motion.

## BACKGROUND

On October 14, 2022, Zurich moved for leave to file overlength motions.[2] The same day, it filed three motions: Motion to Exclude Expert Testimony of Dr. Kyle Hancock ("Dr. Hancock"),[3] Motion to Exclude Testimony of Non-Retained Experts Brad Knowlton ("Mr. Knowlton") and Scott Rasmuson ("Mr. Rasmuson"),[4] and Motion to Exclude Expert Testimony

---

[1] ECF No. 315.
[2] Mot. for Leave to File Overlength Mots. ("Overlength Mot."), ECF No. 315, filed Oct. 14, 2022.
[3] Mot. to Exclude Testimony of Kyle Hancock ("Mot. Exclude Hancock"), ECF No. 316, filed Oct. 14, 2022.
[4] Mot. to Exclude Testimony of Brad Knowlton & Scott Rasmuson ("Mot. Exclude Knowlton & Rasmuson"), ECF No. 317, filed Oct. 14, 2022.

of Derk Rasmussen ("Mr. Rasmussen").[5] Defendant Ascent Construction, Inc. ("Ascent") filed an opposition on October 17, 2022.[6]

## STANDARD

"Motions to file an overlength brief are discouraged and will be granted only upon a showing of good cause and exceptional circumstances."[7] The motion for the excess pages must contain "a statement of good cause why additional pages or words are needed."[8] "District courts generally are afforded great discretion regarding . . . control of the docket and parties . . . ."[9]

## DISCUSSION

Zurich moves to file three overlength motions to exclude testimony from certain experts and non-retained experts. Pursuant to District of Utah Local Civil Rule of Practice 7-1(a), these motions are limited to ten pages.[10] The court discusses each motion in order.

**Dr. Hancock**

The motion to exclude Dr. Hancock's expert testimony is sixteen and a half pages in length. Zurich contends that the excess pages are needed "because of the complex nature of Dr. Hancock's opinions which relate to domestic abuse allegations and an alleged defense of duress in relation to Zurich's breach of contract claim."[11] The court disagrees. By focusing on the relevant arguments and trimming the motion, Zurich could stay within the ten-page limit.

---

[5] Mot. to Exclude Testimony of Derk Rasmussen ("Mot. Exclude Rasmussen"), ECF No. 318, filed Oct. 14, 2022.
[6] ECF No. 323.
[7] *Christensen v. Braithwaite*, No. 2:17-cv-1123, 2021 WL 4502837, at *18 (D. Utah Oct. 1, 2021).
[8] DUCivR 7-1(a)(6)(A)(ii).
[9] *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992)).
[10] DUCivR 7-1(a)(4)(D)(i).
[11] Overlength Mot. 4.

The introduction does not mention Dr. Hancock until the middle of page three and spends much time outlining the Defendants' purported actions instead of outlining the arguments as to Dr. Hancock's testimony.[12] Zurich spends two pages discussing the standard of review.[13] The argument section is eleven pages long and contains redundant and irrelevant material. Zurich restates legal standards.[14] It spends three pages responding to Defendant Shondell Swenson's arguments as to the contention that no agency relationship exists.[15] And in the seven pages touching on Dr. Hancock's testimony, Zurich devotes almost a page to quotes from Dr. Hancock's testimony.[16] Finally, it devotes almost an entire page to the conclusion.[17]

Even assuming that Dr. Hancock's testimony deals with complex information, the court finds that Zurich does not need the additional six and a half pages to make its arguments. For that reason, the court strikes the motion to exclude the expert testimony of Dr. Hancock.

**Mr. Knowlton and Mr. Rasmuson**

The motion to exclude testimony of Mr. Knowlton and Mr. Rasmuson is seventeen pages long. Zurich argues that the excess pages are necessary to argue why the testimony is "unreliable and based on insufficient facts" and to explain "disclosure and production issues."[18] The court finds that Zurich does not need the additional pages to present its arguments.

In the introduction, Zurich first discusses Mr. Knowlton and Mr. Rasmuson halfway through page three and instead focuses primarily on Defendants' alleged actions.[19] Next, the

---

[12] Mot. Exclude Hancock 1–5.
[13] *Id.* at 5–7.
[14] *Id.* at 7, 12.
[15] *Id.* at 14–16
[16] *Id.* at 10–12.
[17] *Id.* at 18.
[18] Overlength Mot. 4.
[19] Mot. Exclude Knowlton & Rasmuson 1–5.

standard of review section is largely redundant given the previous motion to exclude expert testimony.[20] Within the argument section, Zurich spends a page recycling the relevant legal standards.[21] Zurich could trim the ten pages in the argument section by streamlining the discussion of cases that currently cover almost two pages and removing redundancy as to the irrelevancy and prejudice arguments.[22] Finally, the conclusion is almost an entire page.[23]

The court is mindful of Zurich's desire to fully brief its arguments. Yet the court finds no good cause to allow the seven excess pages. Thus, the court strikes the motion to exclude the expert testimony of Mr. Knowlton and Mr. Rasmuson.

**Mr. Rasmussen**

Finally, Zurich seeks leave to file a thirteen-page motion to exclude testimony of Mr. Rasmussen. It argues that good cause exists to grant the motion because there are "numerous reasons that Rasmussen's opinion fails to comply with F.R.E. 702" and it needs the excess pages to analyze his testimony.[24] The court rejects these arguments. Zurich could reasonably meet the ten-page limit without sacrificing its arguments.

For a page and a half, Zurich uses the same language in the introduction as the other two motions and first mentions Mr. Rasmussen on page three.[25] It also uses the same three-page standard of review as the previous two motions.[26] Turning to the eight-page argument section,

---

[20] The sections discussing Federal Rule of Civil Procedure 702 and the *Daubert* analysis are identical. *Compare id.* at 5–7, *with* Mot. Exclude Hancock 5–7.
[21] Mot. Exclude Knowlton & Rasmuson 9, 17.
[22] *See id.* at 8–17.
[23] *Id.* at 18.
[24] Overlength Mot. 3.
[25] Mot. Exclude Rasmussen 3.
[26] *Id.* at 4–6.

Zurich spends nearly a page restating legal standards.[27] By removing redundant passages and tightening the discussion of relevant cases and arguments, Zurich could limit its motion to ten pages. For these reasons, the court strikes the motion to exclude the expert testimony of Mr. Rasmussen.

In sum, the court finds that Zurich has not shown "good cause and exceptional circumstances."[28] Thus, the court denies Zurich's motion for leave to file excess pages and strikes all three motions.

## ORDER

Accordingly, the court DENIES Plaintiff's Motion for Leave to File Overlength Motions.[29] The court STRIKES the following: Motion to Exclude Expert Testimony of Dr. Kyle Hancock,[30] Motion to Exclude Testimony of Non-Retained Experts Brad Knowlton and Scott Rasmuson,[31] and Motion to Exclude Expert Testimony of Derk Rasmussen.[32] Plaintiff may refile pursuant to District of Utah Local Civil Rule of Practice 7-1(a)(4)(D)(i).

Signed October 18, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[27] *Id.* at 7, 10.
[28] *Christensen*, 2021 WL 4502837, at *18.
[29] ECF No. 315.
[30] ECF No. 316.
[31] ECF No. 317.
[32] ECF No. 318.