IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>          Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC.; BRAD L. KNOWLTON; SHONDELL SWENSON f/k/a SHONDELL KNOWLTON,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:20-cv-00089-RJS<br><br>Chief District Judge Robert J. Shelby |

This suit arises out of Plaintiff Zurich American Insurance Company and Fidelity and Deposit Company of Maryland's (Zurich) attempts to enforce its general indemnity agreements (GIAs) with Defendants Ascent Construction, Inc. (Ascent), Brad Knowlton, Shondell Swenson f/k/a Shondell Knowlton, J. Scott Johansen, and Marlaine Johansen.[1]  Pursuant to a settlement, the Johansens were dismissed from this litigation with prejudice (Johansen Settlement).[2]

On September 28, 2023, the court granted Zurich's Motion for Summary Judgment on its breach of express contract and specific performance claims against Ascent, Knowlton, and Swenson and dismissed the remaining claims and counterclaims as moot or for lack of

---

[1] Dkt. 2, *Complaint*.

[2] Dkt. 417, *Stipulated Motion to Dismiss Defendants J. Scott Johansen and Marlaine Johansen with Prejudice*; Dkt. 418, *Notice from the Court*.

jurisdiction (Summary Judgment Order).[3]  The Order left open the amount of attorneys' fees and the amount of specific performance Zurich was entitled to, and it also left unresolved the effect of the Johansen Settlement on the ordered judgment.[4]

Now before the court is Zurich's Motion to Withdraw its Claims for Attorneys' Fees and Specific Performance and Request for Final Judgment (Motion for an Amended Final Judgment).[5]  Also pending is Ascent and Knowlton's Motion for Terminating Sanctions (Motion for Sanctions).[6]  Both Motions are fully briefed and ripe for review.[7]

---

[3] Dkt. 419, *Memorandum Decision and Order on Motions for Summary Judgment and Motions to Exclude Expert Reports* (*Summary Judgment Order*) at 30 ("Zurich stipulates to the dismissal of its fourth cause of action for quia timet. . . . Zurich's remaining causes of action, for common law indemnity and unjust enrichment, are alternative theories theories of liability should Zurich not obtain judgment under the contract.  These claims are moot because the court grants summary judgment in favor of Zurich on its claims for indemnification and specific performance."). *See also id*. at 39 (dismissing the remaining counterclaims and crossclaims).

[4] *Id.* at 40–41.

[5] Dkt. 493, *Zurich's Motion to Withdraw Its Claim for Attorneys' Fees and Costs without Prejudice, to Dismiss its Specific Performance Claim without Prejudice, and Request for Final Judgment* (*Motion for an Amended Final Judgment*).

[6] Dkt. 492, *Ascent and Knowlton's Motion for Terminating Sanctions*.

[7] *Motion for an Amended Final Judgment*; Dkt. 502, *Swenson's Opposition to Zurich's Motion to Withdraw Claims Without Prejudice and Request for Final Judgment* (*Swenson's Opposition to Final Judgment*); Dkt 503, *Ascent and Knowlton's Opposition to [493] Zurich's Motion to Withdraw Claims Without Prejudice and Request for Final Judgment* (*Ascent and Knowlton's Opposition to Final Judgment*); Dkt. 507, *Zurich's Reply to Ascent Construction Inc.'s And Bradley Knowlton's Response to Zurich's Motion to Withdraw Its Claim for Attorneys' Fees and Costs Without Prejudice, to Dismiss its Specific Performance Claim Without Prejudice, and Request for Final Judgment* (*Zurich's Reply to Ascent and Knowlton's Opposition to Final Judgment*); Dkt. 508, *Zurich's Reply to Shondell Swenson's Response to Zurich's Motion to Withdraw Its Claim for Attorneys' Fees and Costs Without Prejudice, to Dismiss Its Specific Performance Claim Without Prejudice, and Request for Final Judgment* (*Zurich's Reply to Ascent and Knowlton's Opposition to Final Judgment*); *Motion for Sanctions*; Dkt. 501, *Zurich's Response to Ascent Construction Inc.'s And Brad L. Knowlton's Motion for Terminating Sanctions [D.E. 492]* (*Zurich's Opposition to Sanctions*).  Ascent and Knowlton sought leave for an extension of time to file a reply in support of its Motion for Sanctions.  Dkt. 506.  Although the court never addressed this motion, a Reply was nonetheless never filed.

## BACKGROUND AND PROCEDURAL HISTORY[8]

In July 2020, Zurich brought claims against all Defendants for breach of contract,[9] specific performance,[10] *quia timet*,[11] unjust enrichment,[12] and assignment.[13]  Zurich also brought a common law indemnification claim against Ascent.[14]  Shortly thereafter, Zurich filed several notices of lis pendens, including one pertaining to real property located at 310 W. Park Lane, in Farmington, Utah (the Farmington Property).[15]  The record owner of the Farmington Property, ShoniK, LLC (ShoniK), intervened and sought to release the lis pendens.[16]  The court determined Zurich's action "[did] not affect title to the Property or possession of the Farmington Property" and granted the release (Order Releasing Lis Pendens).[17]  Citing the Utah statute governing lis pendens disputes, the court determined awarding damages to ShoniK would be inappropriate because Zurich did not know or have reason to know that the lis pendens was "groundless," but the court nevertheless awarded ShoniK attorneys' fees because Zurich had not acted with substantial justification.[18]

---

[8] For the purposes of this Order, the court outlines only the relevant factual background and procedural history.  For a fuller discussion of the underlying facts of this litigation, the court suggests reviewing *Summary Judgment Order* at 3–7.

[9] *Complaint* ¶¶ 49–54.

[10] *Id.* ¶¶ 60–66.

[11] *Id.* ¶¶ 67–76.

[12] *Id.* ¶¶ 77–85.

[13] *Id.* ¶¶ 86–90.

[14] *Id.* ¶¶ 55–59.

[15] Dkt. 14, *Notice of Lis Pendens*.

[16] Dkt. 138, *Expedited Motion to Release Lis Pendens*.

[17] Dkt. 177, *Memorandum Decision and Order Granting [163] Motion to Intervene and Granting [138] Motion to Release Lis Pendens* (*Order Releasing Lis Pendens*) at 9.

[18] *Id.* at 9-10 (relying on Utah Code Ann. § 78B-6-1304).

On September 28, 2023, the court granted Zurich's Motion for Summary Judgment on its breach of express contract and specific performance claims against Ascent, Knowlton, and Swenson and dismissed the remaining claims and counterclaims.[19]

In its Summary Judgment Order, the court determined it was precluded from calculating a definitive damages award because several outstanding issues remained unresolved.  First, Zurich sought attorneys' fees and costs in the amount of $4,190,673.04 against Ascent and Knowlton and additional fees against Swenson.[20]  But the court determined that, "[w]hile Zurich [was] entitled to attorney's fees and costs," "the submitted list of invoices [was] not specific about the number of hours worked, the work performed, and the hourly rates directly associated with that work."[21]  Therefore, the court "grant[ed] Zurich leave to refile its request with an updated calculation of costs and fees."[22]

Second, on Zurich's specific performance claim, the court determined it was unable to adjudicate the extent of specific performance to award because Zurich had not provided sufficient documentation about its anticipated losses.[23]

Third, with respect to the Johansen Settlement, the court ordered Zurich to "show cause why the settlement with the Johansens, who were jointly and severally liable on the 2017 GIAs, should not be used to offset the liability of Ascent, Knowlton, and Swenson under the 2017

---

[19] *Summary Judgment Order* at 30, 39.

[20] Dkt. 337, *Zurich's Renewed Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a)* at 5.

[21] *Summary Judgment Order* at 40.

[22] *Id*. at 40–41.

[23] *Id.* at 29–30.

GIAs."[24]  The court noted it "anticipate[d] entering an amended judgment after completion of the supplemental briefing."[25]

Immediately after filing its Summary Judgment Order, the court separately entered judgment in favor of Zurich and against Ascent and Knowlton, jointly and severally, in the amount of $19,014,568.20 and entered judgment in favor of Zurich and against Ascent, Knowlton, and Swenson, jointly and severally, in the amount of $7,119,450.50.[26]  Complying with the Summary Judgment Order, the parties supplied additional briefing on the unresolved issues concerning attorneys' fees, specific performance, and the Johansen Settlement.[27]

Meanwhile, Ascent, Knowlton, and Swenson appealed the court's Summary Judgment Order and Judgment.[28]  However, shortly thereafter, Swenson filed a motion to dismiss her appeal, arguing the Tenth Circuit lacked jurisdiction.[29]  Specifically, she argued the court's Order was not final because the question of attorneys' fees was unresolved.[30]  Ascent and Knowlton followed suit, conceding the Tenth Circuit did not have appellate jurisdiction until the

---

[24] *Id.* at 40.

[25] *Summary Judgment Order* at 43.

[26] Dkt. 420, *Judgment in a Civil Case.*

[27] Dkt. 428, *Zurich's Status Report and Response to Court's Order Re Motions for Summary Judgment [Doc. 419]* (*Status Report*); Dkt. 441, *Shondell Swenson's Response to Zurich's Status Report and Response to Court's Order Re Motions for Summary Judgment [Doc. 419]* (*Swenson's Response to Status Report*); Dkt. 451, *Ascent and Knowlton's Response to [ECF 428] Zurich's Status Report and Response to Court's Order [ECF 419]* (*Ascent and Knowlton's Response to Status Report*); Dkt. 463, *Zurich's Reply to Shondell Swenson's Response to [D.E. 441] to Zurich's Status Report and Response [Dkt. 428] to Court's Order Re Motions for Summary Judgment* (*Zurich's Reply to Swenson in Support of Status Report*); Dkt. 456, *Zurich's Reply to Ascent and Knowlton's Response [D.E. 451] to Zurich's Status Report and Response [D.E. 428] to Court's Order [D.E. 419]* (*Zurich's Reply to Ascent and Knowlton in Support of Status Report*).

[28] *See* Dkt. 423, *Swenson's Notice of Appeal*; Dkt. 426, *Ascent and Knowlton's Notice of Appeal.*

[29] *See* Dkt. 27 (case no. 23-4134), *Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, to Stay Appeal Pending Attorney's Fees Determination, Zurich Am. Ins. Co. and Fid. and Deposit Co. of Md. v. Ascent Constr., Inc. et al.* (10th Cir. Oct. 27, 2023).

[30] *Id.*

issue of attorneys' fees was resolved.[31]  Zurich argued the judgment was final notwithstanding the unresolved attorneys' fees question.[32]

On December 26, 2023, the Tenth Circuit issued its Order dismissing the appeals for lack of jurisdiction.[33]  The Circuit determined attorneys' fees and costs are "a component of the compensatory damages to which Zurich was entitled."[34]  And where attorneys' fees "represent[] compensatory damages for the underlying breach of contract, the amount of fees and cost awarded is inseparable from the merits of the breach of contract claim."[35]  Therefore, because this court's Summary Judgment Order left open the question of attorneys' fees, the court determined it was not a final order.[36]  Despite this, Zurich subsequently moved this court to certify a final judgment under Rule 54(b).[37]  However, this court followed the Tenth Circuit's guidance and the law-of-the-case doctrine and denied the motion because the court had not yet resolved the attorneys' fees issue.[38]

Zurich now moves to withdraw its claims for attorneys' fees and specific performance, and it again asks the court to issue a final judgment.[39]  Separately, Ascent and Knowlton seek

---

[31] *See* Dkt. 37 (case no. 23-4134), *Ascent's Motion to Dismiss Appeal due to Lack of Subject Matter Jurisdiction*, *Zurich Am. Ins. Co. and Fid. and Deposit Co. of Md. v. Ascent Constr., Inc. et al.* (10th Cir. Dec. 19, 2023).

[32] *See* Dkt. 34 (case no. 23-4134), *Zurich American Insurance Company and Fidelity and Deposit Company of Maryland's Response to Shondell Swenson's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, to Stay Appeal Pending Attorney's Fees Determination*, *Zurich Am. Ins. Co. and Fid. and Deposit Co. of Md. v. Ascent Constr., Inc. et al.* (10th Cir. Dec. 19, 2023).

[33] Dkt. 464, *Tenth Circuit's Order*.

[34] *Id.* at 3.

[35] *Id.* at 4 (citing *N. Am. Specialty Ins. Co. v. Corr. Med. Servs., Inc.*, 527 F.3d 1033, 1038–39 (10th Cir. 2008)).

[36] *Id.*

[37] Dkt. 468, *Zurich's Motion to Certify Judgment*.

[38] Dkt. 487, *Order Denying Plaintiff Zurich's Motion to Certify Judgment*.

[39] *Motion for an Amended Final Judgment*.

terminating sanctions against Zurich for allegedly re-instituting the lis pendens on the Farmington Property.[40]  The court reviews both Motions in turn.

## LEGAL STANDARDS

### I.    Motion for Sanctions

Under Federal Rule of Civil Procedure 41(b), the court may dismiss a claim if a party violates a court order.[41]  The court also has inherent authority to sanction a full range of litigation misconduct that abuses the judicial process without regard to any rule or statute.[42]  In either case, however, a dismissal sanction is "severe" and "should only be imposed if a lesser sanction would not serve the ends of justice."[43]  As a threshold matter, a dismissal sanction is only appropriate if the party seeking sanctions demonstrates by clear and convincing evidence that the non-movant engaged in sanctionable conduct.[44]  If the movant adduces such evidence, Tenth Circuit law then requires this court to weigh the following factors before issuing a dismissal sanction: 1) "the degree of actual prejudice to the defendant"; 2) "the amount of interference with the judicial process"; 3) "the culpability of the litigant"; 4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"; and 5) "the efficacy of lesser sanctions."[45]

---

[40] *Motion for Sanctions*.

[41] Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 858 (10th Cir. 2018).

[42] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991).

[43] *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003).

[44] *Xyngular v. Schenkel*, 890 F.3d 868 (10th Cir. 2018).

[45] *Auto-Owners Ins. Co.*, 886 F.3d at 860 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)).

## II.    Motion to Certify Judgment

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.[46]

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."[47]  The rule relaxes "the former general practice that, in multiple claims action, all the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them."[48]  However, the Tenth Circuit instructs Rule 54(b) should "be invoked only in a relatively select group of cases and applied to an even more limited category of decisions."[49]

In order to certify a judgment under Rule 54(b), a district court must first determine the order it is certifying is a final order.[50]  To be final, an order must provide "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[51]  In other words, a final judgment "must be a self-contained document, saying who has won and what relief has been awarded."[52]

---

[46] Fed. R. Civ. P. 54(b).

[47] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001).

[48] *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434 (1956).

[49] *Weinman v. Fid. Cap. Appreciation Fund*, 262 F.3d 1089, 1107 (10th Cir. 2001) (internal quotation marks omitted).

[50] *Okla. Tpk. Auth.*, 259 F.3d at 1242.

[51] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).

[52] *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008).

Once the court has determined finality, the court evaluates "whether there is any just reason for delay."[53]  This requires consideration both of "judicial administrative interests as well as the equities involved."[54]  The court balances the "policy of preventing piecemeal appeals" and the "hardship or injustice that might be inflicted on a litigant" by delay.[55]

## ANALYSIS

The court concludes Ascent and Knowlton fail to demonstrate with clear and convincing evidence that Zurich engaged in sanctionable conduct.  Furthermore, the court declines to issue an amended final judgment notwithstanding Zurich's attempt to withdraw its request for attorneys' fees and specific performance because the effect of the Johansen Settlement on the amount of damages to which Zurich is entitled remains unresolved.  Accordingly, both motions are denied.

### I.    Ascent and Knowlton Fail to Proffer Clear and Convincing Evidence that Zurich Violated Any Court Order or Otherwise Engaged in Litigation Misconduct.

Defendants Ascent and Knowlton argue Zurich "willfully violated" this court's Order Releasing Lis Pendens requiring it to discharge the lis pendens on the Farmington Property.[56]  In this Order, the court determined that "Zurich's action does not affect title to, or possession of, real property."[57]  Following Utah law, the court ordered Zurich to release the lis pendens and pay

---

[53] *Curtiss-Wright Corp.*, 446 U.S. at 8.

[54] *Id.*

[55] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (quotations omitted).

[56] *Motion for Sanctions* at 1.

[57] *Order Releasing Lis Pendens* at 3.

ShoniK's attorneys' fees.[58]  Defendants now contend Zurich violated this order by enlisting Mr. Johansen, whom Defendants assert is Zurich's "straw man," to re-file the lis pendens in a separate state court proceeding two years later.[59]

Zurich, on the other hand, argues 1) this court lacks jurisdiction to release the lis pendens filed in state court; 2) Ascent and Knowlton failed to cause the release of the lis pendens in the state proceeding, barring their current claim under preclusion principles; 3) Ascent and Knowlton lack standing to assert claims related to the lis pendens because they have no direct ownership stake in the property; and 4) Defendants lack evidence that Zurich enlisted Mr. Johansen as a "straw-man."[60]  More broadly, Zurich maintains Defendants lack any evidence that Zurich engaged in sanctionable conduct.

The court agrees with Zurich that Ascent and Knowlton fail to offer clear and convincing evidence that Zurich engaged in any misconduct or violated a court order.  The Order Releasing Lis Pendens did not prohibit third parties from filing a lis pendens on the Farmington Property in perpetuity.  Ascent and Knowlton cite the 2017 GIA and the Johansen Settlement as evidence that Zurich "had control over Mr. Johansen and his claims."[61]  But Zurich denies it ever asked

---

[58] *Id.* at 9–10. Ascent and Knowlton construe this award of attorneys' fees as a prior "sanction[]" against Zurich for filing the first lis pendens.  *Motion for Sanctions* at 2 n.1.  But the word "sanction" is missing from the order because there was no litigation misconduct; rather, the court looked to Utah law to determine which party bears the costs in a challenge to a lis pendens.  It is inaccurate to state that this court previously sanctioned Zurich for filing the Farmington Property lis pendens.

[59] *Motion for Sanctions* at 1.  Although Ascent and Knowlton demonstrate that Mr. Johansen first re-filed the lis pendens in the state proceeding in July of 2022, that lis pendens was released shortly thereafter.  *See Motion for Sanctions* at 3–4.  The currently-operative lis pendens on the Farmington Property that appears to be the source of allegedly sanctionable conduct causing harm to Ascent and Knowlton was filed on August 22, 2023, exactly two years after this court's order mandating the release of the Farmington Property lis pendens.

[60] *Zurich's Opposition to Sanctions* at 2.  With respect to Zurich's standing and jurisdictional arguments, the court finds Zurich improperly construes Defendants' motion as one seeking the release of a lis pendens in another jurisdiction when it is in fact a Motion for Sanctions based on allegedly abusing the judicial process and violating a court order.  As parties to this case, Ascent and Knowlton have standing to pursue sanctions against Zurich, and this court has jurisdiction to adjudicate their request.

[61] *Motion for Sanctions* at 8.

Mr. Johansen to assert a lis pendens on the Farmington Property.[62]  Additionally, Mr. Johansen's co-party in the state court proceeding where the new lis pendens on the Farmington Property was filed, Vimy Holdings, LLC (Vimy), has no apparent relationship with Zurich, and Zurich similarly denies enlisting the entity to file the lis pendens.[63]  Weighing these denials against Ascent and Knowlton's speculative and factually deficient allegations, the court concludes Ascent and Knowlton do not demonstrate by clear and convincing evidence that Zurich engaged in sanctionable conduct or violated any court order.  For example, Ascent and Knowlton argue Zurich "secretly" worked with Johansen to refile it.[64]  But they offer no evidence purporting to show any coordination, transparent or otherwise, between Zurich and Johansen related to the "re-filed" lis pendens.

Ascent and Knowlton separately argue Zurich "misled" the court in related filings concerning the Johansen Settlement when Zurich claimed it had not received anything of value from the settlement because it contemplated "proceeds from future, unliquidated, contingent claims which are still in litigation."[65]  Ascent and Knowlton contend this was misleading because Zurich "fail[ed] to disclose" the new lis pendens.[66]  But that Mr. Johansen filed a lis pendens in a separate state court proceeding only corroborates Zurich's statement that Johansen

---

[62] Dkt. 501-1, *Declaration of Curte Ferguson* ¶ 15.

[63] *Id*. ¶¶ 10–14, 16.

[64] *Motion for Sanctions* at 8.

[65] *Id*. (citing *Status Report* at 6–7).

[66] *Id*.  Ascent and Knowland appear to cite to the state court notice of lis pendens on the Farmington Property in support of their contention that this court was misled. *Id.* at 8 n.42.

was involved in ongoing litigation related to the settlement.[67]  And while the court ordered Zurich to show cause why the Johansen Settlement should not be used to offset the ordered judgment, Ascent and Knowlton do not explain why "failing to disclose" the re-filed lis pendens in briefing related to the Johansen Settlement constitutes a violation of the Summary Judgment Order, the Order Releasing Lis Pendens, or Zurich's general duty of candor.  After all, Zurich explicitly offered to submit the terms of the settlement for an in-camera review in the same filing Ascent and Knowlton argue Zurich misled the court about the settlement.[68]  Ascent and Knowlton liken Zurich's failure to disclose the lis pendens to "Watergate" because the "cover-up was worse than the original act,"[69] but the court struggles to identify what was covered-up or why the original act was violative of any court order or ethical obligations.

Additionally, Ascent and Knowlton cite Utah Code § 78B-6-1304(4), which requires a party re-filing a formerly released lis pendens to first seek leave from the court, as evidence that Zurich violated this court's Order Releasing Lis Pendens.[70]  But even if Zurich's conduct amounted to a violation of the statute—which it does not[71]—the statute has no bearing on

---

[67] Ascent and Knowlton also filed a Notice of Supplemental Authority—a complaint filed by Zurich in a distinct federal action—purporting to underscore that Zurich misled the court when it filed briefing about the Johansen Settlement.  *See* Dkt. 513, *Notice of Supplemental Authority re: [ECF 492] Motion for Terminating Sanctions and Related Filings* (*Notice of Supplemental Authority*).  The court disregards this filing because it does not comport with the local rule governing such filings for several reasons.  First, a complaint filed by one party in another case is not a "pertinent and significant authority" that has any bearing on the legal standards upon which this court should adjudicate Ascent and Knowlton's Motion for Sanctions.  DUCivR 7-1(c).  Second, the Notice exceeds the local rule's page limit.  *Id.*  Third, the Notice improperly contains significant argumentation that goes far beyond listing "the reasons why the supplemental authority is relevant."  *Id.* § (1)(B).  But even if the court were to consider the Notice as additional evidence, it would have no bearing on Ascent and Knowlton's Motion for Sanctions because the sole basis for the Motion was Zurich's alleged violation of this court's order requiring the release of a lis pendens on the Farmington Property (Dkt. 177), whereas the *Notice of Supplemental Authority* relates to an entirely different issue and court order requiring supplemental briefing about the effect of the Johansen Settlement (Dkt. 419).

[68] *Status Report* at 6.

[69] *Motion for Sanctions* at 10.

[70] *Id.* at 2.

[71] Nothing in § 78B-6-1304 appears to suggest that a released lis pendens subsequently "re-filed" by a third party pursuant to a distinct action would be prohibited without leave of the first court that ordered the release.

whether the court Order itself was violated.  And to the extent the statute is offered as evidence of general misconduct, sanctions based on a litigant's bad-faith conduct implicate a procedural issue governed by *federal* procedural law.[72]  Violating a state statute may be probative of litigation misconduct, but it does not, per se, require this court to find that sanctions are warranted.

In any case, even if Zurich had instructed Mr. Johansen to re-file a lis pendens, a terminating sanction would likely be inapt because Ascent and Knowlton suffered no "actual prejudice."[73]  Mr. Johansen is not the only party responsible for filing the lis pendens on the Farmington Property in the state court proceeding.  Thus, even assuming Zurich acted improperly vis a vis its relationship with Mr. Johansen, Vimy—an entity with whom Zurich has no apparent relationship—nevertheless lawfully filed the lis pendens under its own banner.[74] Any harm this lis pendens caused Ascent and Knowlton cannot be solely attributed to Zurich's alleged "control" over Mr. Johansen.[75]  But the court need not fully evaluate whether terminating sanctions are warranted here because Ascent and Knowlton fail to offer clear and convincing evidence that Zurich engaged in sanctionable misconduct in the first instance.

Finally, Zurich alleges the state court's determination on the propriety of the lis pendens in that case is preclusive on this court.[76]  But in the context of Ascent and Knowlton's Motion

---

[72] *See, e.g.*, *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XII-A, L.P.*, 888 F.3d 455, 460–61 (10th Cir. 2017).

[73] *Auto-Owners Ins. Co.*, 886 F.3d at 860 (listing "the degree of actual prejudice to the defendant" as a factor in determining whether to award dismissal sanctions) (citation omitted).

[74] The state court proceeding docket does not specify which party specifically filed the new Farmington Property lis pendens.  Dkt. 492, Ex. 2, *State Court Proceeding Docket* at 10.  Because 1) Vimy and Mr. Johansen likely would not be co-plaintiffs if their claims did not factually overlap or share common goals, and 2) Ascent and Knowlton bear the burden in proving sanctionable misconduct, the court assumes Vimy and Mr. Johansen are both responsible for, and have legitimate grounds to pursue, the new lis pendens.

[75] *Motion for Sanctions* at 8.

[76] *Zurich's Opposition to Sanctions* at 6–7.

for Sanctions dealing with a separate issue, this is not so.[77]  However, the fact that Ascent and Knowlton attempted and failed to release the lis pendens in the state court proceeding militates toward the conclusion that the "re-filing" of the lis pendens in that case does not constitute sanctionable misconduct in this one.[78]  The state court appeared to be aware of this court's Order Releasing Lis Pendens,[79] and if the lis pendens was lawfully filed there, it would be strange for this court to characterize that same filing as litigation misconduct here.  Because there is no clear and convincing evidence that Zurich engaged in litigation misconduct or violated any court order, the court denies Ascent and Knowlton's Motion for Sanctions.

## II.    This Court Declines to Enter an Amended Final Judgment Because the Effect of the Johansen Settlement Is Unresolved.

Zurich seeks to expedite a final judgment by withdrawing its claims for attorneys' fees and foregoing its specific performance remedy.  Zurich initially moved to dismiss these claims without prejudice under Rule 41(a) and thereby certify a final judgment under Rule 54(b).[80]  Then, in Reply, Zurich "clarifie[d]" that the withdrawn claims cannot later be reinstated because they "would be moot after final judgment enters."[81]  Zurich further "clarifie[d]" in its Reply that it "does not request that this final judgment be made pursuant to Rule 54(b) because there are not any claims that remain based on the Court's prior order and Zurich's withdrawal herein."[82]  In

---

[77] *See, e.g.*, *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009) ("The doctrine of issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating *the same issue* in another lawsuit.") (emphasis added).

[78] Dkt. 501, Ex. 4. *State Court Order Denying Motion to Remove Lis Pendens*.

[79] *State Court Proceeding Docket* at 5 (attaching exhibit related to this court's order releasing the lis pendens) and *State Court Order Denying Motion to Remove Lis Pendens* at 1.

[80] *Motion for an Amended Final Judgment* at 3–4.

[81] *Zurich's Reply to Ascent and Knowlton's Opposition to Final Judgment* at 1–3; *see also* also *id.* at 5 ("Zurich respectfully requests the Court issue an order recognizing that Zurich has withdrawn, with prejudice (if necessary) its claim for attorneys' fees and costs and its claim for the remedy of specific performance. . . .").

[82] *Id.* at 8; *Zurich's Reply to Swenson's Opposition to Final Judgment* at 6.

other words, in Reply, Zurich abandons Rules 41(a) and 54(b) as guideposts governing its Motion and instead cites a smattering of mostly out-of-circuit cases where parties withdrew remedies they had previously sought.[83]

The court therefore construes Zurich's Motion as a request to issue an amended judgment that disregards certain remedies to which the court previously determined Zurich was entitled. Although the court sees no issue with Zurich permanently abandoning its claims for attorneys' fees and specific performance, the court notes Defendants lacked a reasonable opportunity to respond to Zurich's new attempt to manufacture a final judgment in its Reply by citing previously undisclosed authorities as the new legal basis for its Motion. Zurich's arguments pursuant to these new authorities are therefore waived.[84]

However, the court need not decide this Motion on lack-of-notice grounds because Ascent and Knowlton correctly note this court cannot certify a final judgment without calculating the effect of the Johansen Settlement on the ordered judgment even if the court were to permit Zurich to permanently withdraw its attorneys' fees and specific performance claims.[85] In its Summary Judgment Order, the court ordered Zurich to show cause "why the settlement

---

[83] *Zurich's Reply to Swenson's Opposition to Final Judgment* at 4 (citing *Kemp v. Tyson Foods, Inc.*, No. CIV. 5-96-173JRTRLE, 2001 WL 1636512, at *1 (D. Minn. Nov. 19, 2001), *Stanley v. Broward Cnty. Sheriff*, 773 F. App'x 1065 at 1068 (11th Cir. 2019), *In re Best Payphones, Inc.*, No. 01 15472 SMB, 2007 WL 203980, at *2 (Bankr. S.D.N.Y. Jan. 24, 2007), and *Mooring Cap. Fund, LLC v. Phoenix Cent., Inc.*, No. CIV-06-0006-HE, 2007 WL 2292426, at *1 (W.D. Okla. Aug. 7, 2007)). *See also Zurich's Reply to Ascent and Knowlton's Opposition to Final Judgment* at 4 (citing the same cases). Because the court does not grant dismissal under Rule 41, Defendants' requests for attorneys' fees on this motion is moot. *See Ascent and Knowlton's Opposition to Final Judgment* at 5 and *Swenson's Opposition to Final Judgment* at 9.

[84] *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011); *In re Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1112 n.5 (10th Cir. 2017). After the Johansen Settlement is disclosed, Zurich is free to again move to withdraw its claims for attorneys' fees and specific performance under the appropriate legal standards.

[85] *Ascent and Knowlton's Opposition to Final Judgment* at 4. Ascent and Knowlton also argue this court is precluded from certifying a final judgment because 1) Ascent and Knowlton's Motion for Sanctions was still pending and 2) because Defendants still had live counterclaims against Zurich. *See id.* at 5. However, their argument that the Motion for Sanctions prevents this court from certifying a final judgment is mooted by this Order, and Ascent and Knowlton do not, in fact, have any outstanding counterclaims. *See Summary Judgment Order* at 39.

with the Johansens, who were jointly and severally liable on the 2017 GIAs, should not be used to offset the liability of Ascent, Knowlton, and Swenson under the 2017 GIAs."[86]  Consistent with this Order, the parties filed briefing on this issue (and the specific performance and attorneys' fees issues) in late 2023 and early 2024.  However, the court never adjudicated these questions because Zurich instead moved to certify final judgment notwithstanding the unresolved issues.[87]  And soon after the court denied Zurich's motion, Zurich filed the present Motion seeking an amended judgment reflecting its withdrawn claims for specific performance and attorneys' fees, but still without this court having adjudicated the effect of the Johansen Settlement.  Accordingly, the court does so now.  And for the reasons explained below, the court determines the value of the Johansen Settlement must, if possible, be calculated to offset the ordered judgment against Defendants.

In responding to this court's Summary Judgment Order, Zurich argues the Johansen Settlement cannot offset the judgment because "Zurich has received no funds from the settlement agreement to date" and "it remains uncertain if Zurich will ever receive settlement proceeds."[88]  Specifically, the settlement was for "proceeds from future, unliquidated, contingent claims which are still in litigation."[89]  Zurich adds that, "[t]o the extent the [c]ourt has further inquiry regarding the Johansen settlement, Zurich will submit, under seal, a copy of the settlement agreement for an in-camera review."[90]  Zurich additionally assures it "will provide an update to

---

[86] *Summary Judgment Order* at 40; *see also id.* at 42 (requiring "a response showing cause why the settlement with the Johansens should not be used to offset the judgment of $7,119,450.50 against Ascent, Knowlton, and Swenson").

[87] *Zurich's Motion to Certify Judgment.*

[88] *Status Report* at 5–6.

[89] *Id.* at 6.

[90] *Id.*  It appears Zurich is unwilling to disclose the settlement arrangement publicly because "[t]he settlement agreement contains an express confidentiality clause."  *Id.*

the parties and the [c]ourt should Zurich ever receive any proceeds from the Johansen settlement."[91]  Zurich now reaffirms these arguments in its Reply in support of its present Motion.[92]  On the other hand, Defendants, in their briefing responding to the Summary Judgment Order, oppose Zurich's arguments about the Johansen Settlement, noting the One Satisfaction Rule and relevant caselaw require the ordered judgment to be offset by the value of the Johansen Settlement.[93]  Defendants now reaffirm this position in their Opposition to the present Motion, noting that this court cannot enter a final judgment until it accounts for the value of the Johansen Settlement.[94]  The court agrees with Defendants.

In responding to Zurich's response to the Summary Judgment Order, Defendant Swenson invokes the One Satisfaction Rule, which provides "when the conduct of multiple defendants results in a single injury with common damages, and one of the defendants settles with the plaintiff, the amount of settlement is credited against the amount that may be recovered from the non-settling defendants."[95]  Citing to *Seymour v. Summa Vista*,[96] Swenson argues that the appropriate approach to a contingent settlement agreement is to reduce the judgment by its fair market value.[97]  Therefore, Swenson asserts "the terms (assets or services) that are contingent must be disclosed" so the parties can, if possible, ascertain its reasonable value.[98]

---

[91] *Status Report* at 6.

[92] *Zurich's Reply to Ascent and Knowlton's Opposition to Final Judgment* at 5–6.

[93] *Swenson's Response to Status Report* at 10–11; *Ascent and Knowlton's Response to Status Report* at 3–6.

[94] *Ascent and Knowlton's Opposition to Final Judgment* at 4.  Swenson does not raise this issue and instead primarily contests the aspects of Zurich's Motion that Zurich later abandons.  But because Swenson's arguments about the Johansen Settlement have not been withdrawn, the court assumes they remain operative in the context of Zurich's present Motion.

[95] *Swenson's Response to Status Report* at 10 (quoting *Advanced Recovery Systems, LLC v. American Agencies, LLC*, Case. No. 2:13-cv-283-DAK, 2017 WL 4862775 (D. Utah Oct. 26, 2017)).

[96] 809 F.2d 1385 (9th Cir. 1987).

[97] *Swenson's Response to Status Report* at 10–11.

[98] *Id*. at 11.

Similarly, Defendants Ascent and Knowlton invoke[99] Utah Code § 15-4-3, which

provides:

> The amount or value of any consideration received by the obligee from one or more
> of several obligors, or from one or more of joint or of joint and several obligors,
> in whole or in partial satisfaction of their obligations shall be credited to the extent of
> the amount received on the obligation of all co-obligors to whom the obligor or
> obligors giving the consideration did not stand in the relation of a surety.[100]

They argue this provision requires disclosure of settlement terms "to determine the value of the

Johansen settlement . . . for purposes of offset."[101]  Ascent and Knowlton point out that "there are

multitudinous methods of exchanging value besides a simple deposit of funds, and the fact that

Zurich dismissed its claims against the Johansens in this multi-million-dollar case is a very

strong indicator that something of great value must have been exchanged to warrant the

avoidance of many millions of dollars of liability."[102]  Specifically, "[i]f the Johansen[s']

contribution to Zurich wasn't cash, it must be something, or the agreement fails for lack of

consideration, and the Johansens remain liable for indemnification."[103]

Zurich, on the other hand, has a different view of *Seymour* and Utah Code § 15-4-3.[104]

Responding to Swenson, Zurich distinguishes *Seymour* and contends that "no actual monetary

---

[99] *Ascent and Knowlton's Response to Status Report* at 3.

[100] Utah Code § 15-4-3.

[101] *Ascent and Knowlton's Response to Status Report* at 6.

[102] *Id*.

[103] *Id*. at 6.

[104] Zurich also contends—in its Replies to Swenson and to Knowlton and Ascent—that the terms of the 2017 GIA foreclose Defendants' efforts to offset the Johansen Settlement because all indemnitors on the GIA "waived notice of settlement" and "waived and subordinated all rights . . . of contribution . . . until all obligations to Zurich under the GIA . . . have been satisfied in full."  *See Zurich's Reply to Swenson in Support of Status Report.* at 11 and *Zurich's Reply to Ascent and Knowlton in Support of Status Report* at 5.  Zurich did not raise this argument in its Status Report responding to this court's Summary Judgment Order, nor did it argue it in its Motion or related briefing. Accordingly, Defendants have not had a meaningful opportunity to engage with it.  In the Tenth Circuit, arguments advanced for the first time in a Reply are deemed waived.  *See Harrell*, 642 F.3d at 918.  Accordingly, the court will not consider Zurich's argument that under the GIAs Defendants waived their ability to offset the judgment against them with the fair market value of the Johansen Settlement.

[sic] has been promised to Zurich for which the Johansens may be unable to pay due to their financial condition."[105]  Instead, it argues "[a]ny determination of the fair market value of Zurich's settlement would [] necessarily require speculation as to the contingent claims still in litigation, which the *Seymour* court itself noted cannot occur."[106]

And responding to Ascent and Knowlton, Zurich further contends that Utah Code § 15-4-3 demonstrates "[i]t is axiomatic that in order for 'the amount or value of any consideration received by [an] obligee' to be credited to the obligations of joint obligors, *value* must be 'received.'"[107]  Zurich argues Defendants ignore the fact Zurich has not yet received any value from the settlement.[108]  According to Zurich, because it has yet to "liquidate" its claims from the settlement, it has not "received" any value and thus "Defendants are not yet entitled to an offset."[109]

Zurich's contentions here cannot stand.  Zurich fails to address Ascent and Knowlton's argument that something of value must have been exchanged in the Johansen Settlement, or else the agreement would be void for lack of consideration.  And Zurich's attempt to insert the term "liquidated" into Utah Code § 15-4-3 is unavailing.  An unliquidated claim has value, and the statute expressly contemplates that consideration may be an "amount *or* value," suggesting that liquidation is not a prerequisite for offset.  Additionally, Zurich's attempt to cast doubt on this court's ability to assess the fair market value of the Johansen Settlement under *Seymour* because

---

[105] *Zurich's Reply to Swenson in Support of Status Report* at 10.

[106] *Id.*

[107] *Zurich's Reply to Ascent and Knowlton in Support of Status Report* at 4 (emphasis in original) (quoting Utah Code § 15-4-3).

[108] *Id.*

[109] *Id.* at 5.

it would be "too speculative"[110] is premature.  After all, the cases *Seymour* relied on for the proposition that "[d]istrict courts may not, of course, engage in speculation in evaluating settlements"[111] both involved settlement terms that were apparently disclosed to the court.[112]

Finally, Ascent and Knowlton invoke *Slusher v. Ospital*[113] for the proposition that Zurich is required to disclose the Johansen Settlement.[114]  But the court agrees with Zurich that the court in *Slusher* was concerned with the possibility of prejudicial testimony of a settling-tortfeasor who remained engaged as a party in the case.[115]  Here, 1) there is no risk of prejudicial testimony because there is no impending trial, as all claims were resolved on summary judgment, 2) the Johansens are no longer engaged in the case, and 3) Zurich's action was in breach of contract rather than in tort.  Although *Slusher* does not require this court to mandate disclosure, the current posture of this case requires in-camera disclosure so the court can assess the extent to which the ordered judgment should be offset.  Because there is not yet "an ultimate disposition"[116] on the amount of damages to which Zurich is entitled on its claims, the court

---

[110] *Zurich's Reply to Swenson in Support of Status Report* at 11.  Zurich is free to make this case once it discloses the Johansen Settlement.

[111] *See Seymour*, 809 F.2d at 1390.

[112] *See City of San Francisco v. United Ass'n of Journeymen, Local 38*, 217 Cal. Rptr. 167, 171–72 (Cal. Ct. App. 1985) (going through the terms of the consent decree), *rev'd on other grounds*, 42 Cal. 3d 810 (Cal. 1986) and *Franck v. Polaris E-Z Go Div. of Textron, Inc.*, 157 Cal. App. 3d 1107, 1112 (Cal. Ct. App. 1984) (going through the terms of the structured settlement).

[113] 777 P.2d 437 (Utah 1989).

[114] *Ascent and Knowlton's Response to Status Report* at 4–6.

[115] *Zurich's Reply to Ascent and Knowlton in Support of Status Report* at 6–7.  *See also Slusher*, 777 P.2d at 440 ("A classic *Mary Carter* agreement [requiring disclosure] is a settlement accord with these features: (1) it limits the liability of the agreeing defendant, who remains a party to a pending action; (2) it is withheld from the nonsettling parties and/or judge and jury; and (3) it guarantees to the plaintiff a minimum recovery, notwithstanding the fact that the plaintiff may not recover a judgment against the agreeing defendant or that the verdict may be less than that specified in the agreement.") (internal citation omitted).  However, the court noted "[t]he fact that the agreement might influence testimony but was kept secret from the jury is enough to trigger legitimate concern . . . ."  *Id*. at 441.

[116] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).

cannot certify a final judgment under Rule 54(b), nor is it prepared to issue a final amended judgment "saying who has won and what relief has been awarded"[117] until disclosure of the Johansen Settlement and further briefing concerning its fair market value.[118]

## CONCLUSION

Ascent and Knowlton's Motion for Sanctions is DENIED.[119]  Zurich's Motion for an Amended Final Judgment is also DENIED.[120]  The court ORDERS Zurich to file the Johansen Settlement under seal on or before February 28, 2025.  The parties are directed to meet and confer following the filing and should jointly or separately file a proposed scheduling order related only to the issue of evaluating the fair market value of the settlement within 14 days of the disclosure.[121]

SO ORDERED this 20 day of February 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[117] *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) (describing what constitutes a final order).

[118] *See Tenth Circuit's Order* at 4 ("To fully resolve the merits of this matter, the amount of appellants' liability . . . is still to be litigated in the district court . . . [and so] the order underlying the judgment appellants seek to appeal is one that 'sets the stage for further trial court proceedings.'" (quoting *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1003 (10th Cir. 2017))).  If this court issued an amended judgment without accounting for the effect of the Johansen Settlement, the amended judgment would necessarily "set[] the stage for further trial court proceedings."

[119] Dkt. 492.

[120] Dkt. 493.

[121] For the reasons already explained, the court will not consider Ascent and Knowlton's Notice of Supplemental Authority about the value of other potentially offsetting claims at this stage.  Ascent and Knowlton are free to file a motion requesting further offset based on Zurich's claims against Ascent's subcontractors if they so choose.