IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ZURICH AMERCIAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [594] MOTION TO SEAL AND DEFENDANT'S [597] MOTION TO STRIKE**<br><br>Case No. 1:20-cv-00089-RJS-CMR<br><br>Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 524). Plaintiff Zurich American Insurance Company and Fidelity and Deposit Company of Maryland's (Zurich) filed suit to enforce indemnity agreements allegedly signed by the defendants in this matter (ECF 2). On December 17, 2025, the court entered a judgment in the amount of $7,119,450.50 jointly and severally against Defendants Shondell Swenson (Swenson) and Ascent Construction, Inc. (Ascent) (ECF 585). Swenson appealed (ECF 585, 592, and 613).

Before the court is Zurich's Motion to Submit Court Records Under Seal (Motion to Seal) (ECF 594). Also before the court is Swenson's Motion to Strike (ECF 597) regarding the Motion to Seal (collectively, the Motions). Zurich filed an Opposition (ECF 604) to the Motion to Strike, and Swenson filed a Reply (ECF 610). Zurich then filed Requests to Submit (ECF 608, 611) for both Motions. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motions.

## II. DISCUSSION

DUCivR 5-3 sets forth the procedure for filing a document under seal. "Unless the court orders otherwise, a party must first publicly file a redacted version of the Document." DUCivR 5-3(b)(1). A motion to seal "must be filed contemporaneously with the proposed sealed Document." *Id.* "The motion, which may be filed under seal if necessary, and proposed sealed Document must be electronically filed." *Id.* "The requirements of section 5-3(b) may be modified by the court upon a showing of good cause." DUCivR 5-3(b)(7). "Unless the court orders otherwise, the clerk will not provide access to or make copies of sealed documents." DUCivR 5-3(c).

Here, on January 19, 2026, Zurich filed a redacted version of the Motion to Seal with the entirety of its text redacted (ECF 594). On the same date, Zurich sent an unredacted "ex parte" version of the Motion to Seal by email to the court with no indication that this document was electronically filed or served on the other parties. On January 26, 2026, Swenson filed the Motion to Strike arguing that the failure to properly file and serve the Motion to Seal violates DUCivR 5-3 and Swenson's due process rights (ECF 597). Zurich responds that service of the unredacted Motion to Seal would lead to irreparable harm (ECF 604). In the unredacted Motion to Seal, Zurich seeks leave to file under seal documents relating to post-judgment collection, arguing that service of the unredacted version would result in dissipation of assets by Ascent and Swenson.

Having considered the parties' respective arguments, the court agrees that Zurich's Motion to Seal is procedurally deficient, and the court does not find good cause to modify DUCivR 5-3. This rule requires the movant to electronically file at least three separate documents: (1) the redacted version of the document filed publicly, (2) the motion to seal filed publicly or under seal, and (3) the sealed version of the document filed under seal. *See* DUCivR 5-3(b)(1). Here, Zurich filed only a "redacted" Motion to Seal, which effectively redacted the entire document and

defeated the purpose of publicly filing a redacted version. Zurich thus failed to electronically file a properly redacted version of the Motion to Seal as well as the proposed sealed version of the Motion to Seal under seal. Plaintiff also failed to electronically file a redacted version of the proposed sealed documents as well as the proposed sealed documents under seal. These deficiencies resulted in the failure to adequately provide notice to other parties of the substance of the Motion to Seal and to the court of the contents of the proposed sealed documents.

The court acknowledges the concerns regarding the dissipation of assets, but Zurich has not shown that DUCivR 5-3 does not adequately address these concerns. As noted above, the proposed sealed documents and the motion to seal itself may be filed under seal, *see* DUCivR 5-3(b)(1), after which point the clerk will not provide access to these documents unless otherwise ordered, *see* DUCivR 5-3(c). The order on the motion to seal may also be filed under seal if good cause is established in the motion.

The court also notes that post-judgment collection has been ongoing in this matter for a number of years since an initial judgment was entered on September 28, 2023 (ECF 420). More recently, the court held that "Zurich may continue its enforcement/collection activities during the pendency of Swenson's appeal" (ECF 605 at 2). The parties are therefore already on notice of the possibility of post-judgment collection efforts by Zurich. Swenson specifically acknowledges this in her Reply (ECF 610 at 2). Under these circumstances, the court concludes that Zurich has failed to establish good cause for modification of the requirements of DUCivR 5-3. Zurich may file a renewed motion to seal that fully complies with DUCivR 5-3.

## III. CONCLUSION AND ORDER

For these reasons, IT IS HEREBY ORDERED that the Motion to Seal (ECF 594) is DENIED without prejudice.

In light of this ruling, IT IS FURTHER ORDERED that the Motion to Strike (ECF 597) is DENIED as moot.

IT IS SO ORDERED.

DATED this 21 September 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah